### GARZA v. WILKINSON et al.

#### No. 10537.

Court of Civil Appeals of Texas.
San Antonio.

May 24, 1939.

Rehearing Denied June 21, 1939.

Wm. B. Blanchet and Gus B. Mauermann, both of San Antonio, for appellant.

B. A. Greathouse, Harry Nass, and H. M. Zuercher, all of San Antonio, for appellees.

SMITH, Chief Justice.

During his lifetime Eusebio Z. Garza, now deceased, executed and delivered his promissory note, payable to George D. Bihl, also now deceased, secured by the purchase money lien on a certain tract of land in Bexar County. The estates of both decedents are now in course of administration, Carolina S. Garza, appellant herein, being administratrix of the estate of Eusebio Z. Garza, and Elizabeth Bihl Wilkinson, appellee herein, being the independent executrix of the estate of the said George D. Bihl.

Upon default in the payment of said note appellee filed claim thereon with appellant against the Garza estate, and upon appellant's rejection of the claim brought this suit in the District Court against appellant, in her representative capacity, to recover the amount of the note, and to foreclose the lien upon said land. Mrs. Wilkinson · recovered as prayed for, and from the resulting adverse judgment, duly certified to the probate court for observance, Carolina S. Garza, administratrix, has appealed.

It is first contended by appellant that the heirs of the deceased Garza, maker of the note sued on, were necessary parties to this suit upon the note, and that the court erred in overruling appellant's plea of nonjoinder setting up that necessity.

■ We copy appellant's first proposition of law, purporting to be germane to her assignments of error 1, 2, 3, 4, 5 and 6, as follows:

"Where the maker of the note, now deceased, left surviving him his wife and two minor children and the wife was appointed and qualified as administratrix of his estate and suit was brought by the holder of said note against the estate of the deceased and service was had on said administratrix only and a plea of nonjoinder of necessary and indispensable parties defendant and a special exception was pleaded and urged because the plaintiff was seeking to foreclose a vendor's lien and establish a superior title thereto, and because a question of title was raised by a pleading in that the title failed and in that the defendant in a cross-action plead that a corporation had previously appeared in the title and that said corporation had held the property for more than fifteen years contrary to the Statutes of the State of Texas, when said property was not necessary to said corporation in the conduct of its business and was not used by said corporation in the course of its business and is subject to forfeiture and escheat proceedings by the State of Texas, the court in so overruling said motion and special exception committed reversible error."

Obviously, the proposition includes and groups numerous and different questions of law, while the assignments of error upon which the proposition purports to rest raise no less than six questions of law, which are no less distinct because subsidiary to the ultimate question of nonjoinder. The proposition is therefore in direct violation of Rules of the Courts of Civil Appeals prohibiting duplicitous and multifarious propositions. Rule 30; 3 Tex.Jur. § 616, and authorities there cited. Under the authorities we are not required to consider the proposition, even if not prohibited from considering it, but we will do so, nevertheless, insofar as we can conveniently identify the points sought to be made.

■ The general rule is that the heirs of a decedent are neither necessary nor proper parties defendant to a suit brought against the administratrix to establish a claim against the decedent's estate. 14 Tex. Jur. p. 122, § 356.

■ No facts appear to exist in this case to take it from under the general rule. The fact that a lien, given to secure the claim, is sought to be foreclosed in the same suit, does not affect that rule. Id.

■ Matters set up by appellant in her pleadings, such as the fact that appellee's suit included a prayer for foreclosure of a lien upon assets of the estate; collateral attacks by appellant upon the title of prior owners of the property subject to the lien; or the validity of the acts or title of an intermediate corporate owner—these matters had· no bearing upon the question of parties to appellee's suit. If appellant's answer made it proper to implead other parties in order to adjudicate the extraneous matters brought in by appellant, then it devolved upon her, of course, to implead them, failing in which she cannot complain of their absence from the suit. Appellant's first and second propositions are overruled.

■ As a defense to appellee's suit appellant alleged that her intestate was de-

ceived by appellee's testator into purchasing the property in controversy, through false and fraudulent representations as to the physical condition of the property at the time conveyed, and, as a general conclusion, that appellant did not discover the fraud until after her intestate's death on May 4, 1937. The sale was made and conveyance executed on September 15, 1930. The suit was brought on December 15, 1937, but the alleged fraud was first set up in appellant's amended petition filed June 8, 1938. Appellee excepted to appellant's allegations of fraud, upon the ground that it appeared from appellant's pleadings that the defense of fraud was barred by the two and four years' statutes of limitations, Vernon's Ann.Civ.St. arts. 5526, 5529. The trial court sustained the exceptions and appellant complains thereat in her third, fourth and fifth propositions. We overrule those propositions. Even if the physical facts alleged in appellant's pleadings did not show, affirmatively, as we think they did, that she, as well as the intestate, necessarily discovered the alleged fraud at least four years before suit was filed and before the intestate's death, her failure to allege that she or the intestate could not have sooner discovered the fraud, with the use of diligence after knowledge of facts putting them upon notice, justified the trial court's ruling on limitation. 28 Tex.Jur. p. 153 et seq.

Appellant's sixth proposition is too general to present any specific question of law, and will be disregarded for that reason, and appellant's seventh, ninth, tenth and eleventh propositions are overruled because, obviously, they are without merit.

In her eighth proposition appellant complains of the admission of the testimony of appellee that the amount shown in the rejected claim was the correct figure of the amount due on the note sued on. Appellant objected, below, to the admission of that testimony "unless the facts are brought out to show the knowledge of the lady as to how much was paid and to whom the payments were made." There was no objection made that the witness was not qualified, or did not know the facts testified to, whereas, on the other hand, she testified, point blank, that she knew the amounts to be correct. The only objection was, in effect, that the source of the witness' knowledge had not been shown. The admission of the testimony against that objection was not error. If the witness had no proper basis for her direct testimony, appellant should have developed the fact on cross-examination and then moved to strike. We overrule the proposition.

The judgment is affirmed.

The foregoing will be substituted for prior opinions, now withdrawn.