Mrs. Joy DUKES, Appellant,

v.

Delphine MIGURA, Appellee.

No. 13–87–542–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1988.

Rehearing Denied Oct. 20, 1988.

Randy D. Little, Houston, for appellant.

O.F. Jones, III, Jones & Whitaker, Weldon Mallette, Mallette, Pozzi, Dietze & Cihal, Victoria, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is a suit for recovery of a debt and for foreclosure of a lien on real property securing that debt. The trial court granted a summary judgment in appellee's favor for $25,000.00, plus attorney's fees and interest, and foreclosed a prior lien to satisfy the debt. Appellant asserts that the trial court erred in enforcing the lien because it was based on a void judgment.

The lien and debt sued upon arose from a prior suit between appellee and the representative of her alleged common law husband's estate. Appellant was not named as a party in that earlier suit, which was originally filed as a divorce action, was never served with citation, and never appeared in

that suit. Appellee, Mrs. Migura, alleged that she and Emmanuel Migura had entered into a common law marriage and had accumulated community property. Mr. Migura disputed the existence of the common law marriage. While suit was pending, Mr. Migura married appellant. He died an accidental death shortly thereafter. The representative of Mr. Migura's estate became a party to the divorce action in her representative capacity.

An Agreed Judgment resulted, in which the court found the existence of a common law marriage and community property. The judgment awarded Mrs. Migura $25,-000.00 as reimbursement and established a lien on a nine-acre tract in her deceased husband's estate to secure that debt.[1]

In his will, Mr. Migura devised the land in question to appellant, his wife by ceremonial marriage. She refused to pay the $25,000.00 debt established in the prior suit, and so appellee brought this current suit to recover the $25,000 debt and to foreclose on the nine acre lien which had been adjudged in the prior suit. By its summary judgment, the trial court granted judgment for the debt and foreclosure of the lien.

To be entitled to summary judgment, the movant must conclusively prove all essential elements of his claim and must show there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Every reasonable inference from the facts will be indulged in the nonmovant's favor. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986).

Appellant raises two points of error. She first contends that the trial court reversibly erred in failing to file conclusions of law though requested to do so. It is well settled, however, that findings of fact and conclusions of law have no place in a summary judgment proceeding. *First National Bank v. Rector*, 710 S.W.2d 100, 103 (Tex.App.—Austin 1986, writ ref'd n.r.e.);

---

1. Appellant, Joy Dukes, formerly Joy Migura, attempted an appeal of this Agreed Judgment by writ of error to this Court. *Migura v. Migura*, 730 S.W.2d 18 (Tex.App.—Corpus Christi 1987, no writ). We ordered the appeal dismissed for her failure to timely file the record with this Court.

*Mitchell v. Jones,* 694 S.W.2d 61, 62 (Tex. App.—Houston [14th Dist.] 1985, no writ). We overrule appellant's first point of error.

Appellant's second point of error asserts that the agreed judgment lien sued upon was void for the failure to join her as a party in that suit.

Appellant's contention rests on Tex.Civ. Prac. & Rems.Code Ann. § 17.002 (Vernon 1986), which provides that "(i)n a suit against the estate of a decedent involving the title to real property, the executor or administrator, if any, and the heirs must be made parties defendant." She argues that the prior suit involved the title to real property, and, as the devisee of the land, she was required to be made a party to the suit in order for the judgment to be binding on her interest in the land.

█ We agree with appellant that the prior law suit involved the title to the realty in question. There can be no serious dispute that a suit seeking to place a lien on realty necessarily "involves" the title to that land. Moreover, the term "heirs" in the statute includes devisees. *Grohn v. Marquardt,* 487 S.W.2d 214, 217 (Tex.Civ. App.—San Antonio 1972, writ ref'd n.r.e.).

A long line of authority holds that the failure to follow the mandatory joinder of the statute renders a judgment *void. E.g., Love v. Woerndell,* 737 S.W.2d 50, 52 (Tex. App.—San Antonio 1987, writ denied); *Minga v. Perales,* 603 S.W.2d 240, 241 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Adamson v. Blackmar,* 546 S.W.2d 698, 702 (Tex.Civ.App.—Austin 1977, no writ); *Allen v. Matthews,* 210 S.W.2d 849, 851 (Tex.Civ.App.—Austin 1948, writ ref'd n.r.e.).

However, it appears that all these cases directly or indirectly rely, at least in part, on *Petroleum Anchor Equipment, Inc. v. Tyra,* 406 S.W.2d 891 (Tex.1966), a case involving joinder of parties under the predecessor to current Tex.R.Civ.P. 39. The Texas Supreme Court held that jurisdiction over indispensable parties to a suit was essential to the court's right and power to proceed to judgment. *Tyra,* 406 S.W. 2d at 892. The failure to join "jurisdictionally indispensable parties" resulted in the

judgment being deemed void and totally unenforceable. Parties which were before the court were permitted to raise the absence of an indispensable party to have a judgment declared void, even if they raised the matter for the first time on appeal as fundamental error.

The Supreme Court specifically disapproved of *Tyra* in *Cox v. Johnson,* 638 S.W.2d 867 (Tex.1982), noting that the 1971 amendment to Rule 39 altered the approach to indispensable parties from one founded on jurisdiction to one which focuses on whether the trial court "ought to proceed with those who are present." *See Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200, 204 (Tex.1974). Under the present rule, "(i)t would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate *between the parties already joined.*" *Cox,* 638 S.W.2d at 868 (emphasis added); *Cooper,* 513 S.W.2d at 204.

█ Thus, under current Rule 39, the failure to join "necessary" or even "indispensable" parties does not render a judgment void and therefore totally unenforceable. It is enforceable between the parties which were before the court and is res judicata to them.

However, by its enactment of the statute, the Legislature recognized the right of appellant and those similarly situated to have notice and to participate in lawsuits that purport to adjudicate their interests in realty devised to them. The trial court's earlier judgment attempted to adversely affect appellant's interest in the realty in question without giving her an opportunity to protect her rights by having her day in court. The line of cases cited above, in so far as they rely on the statutory mandate (and not the rule 39 analysis *Tyra*), prevents this result, and we think those cases remain good law to that extent.

█ A judgment may be void in part and valid in part, provided the valid portion is not so dependent on the invalid that it falls with it. *Kubena v. Hatch,* 144 Tex. 627, 193 S.W.2d 175, 177 (1946); *State v.*

**834**

*Blair,* 629 S.W.2d 148, 150 (Tex.App.—Dallas), *aff'd,* 640 S.W.2d 867 (Tex.1982). We hold that the first judgment is void in so far as it purports to affect appellant's interest and cannot be enforced against that interest. No valid lien on appellant's interest in the devised realty exists. Therefore, the summary judgment foreclosing on the lien cannot stand. We sustain appellant's second point of error.

We REVERSE the judgment and REMAND the case to the trial court for proceedings consistent with this opinion.