**Delphine MIGURA, Petitioner,**

v.

**Joy DUKES, Respondent.**

No. C–8103.

Supreme Court of Texas.

May 24, 1989.

O.F. Jones, III, Victoria, for petitioner.

Randy D. Little, Houston, for respondent.

PER CURIAM.

The sole issue in this case is whether a devisee under a will is an indispensable party in a suit to establish a lien against real property of the decedent's estate. The court of appeals answered this question in the affirmative. 758 S.W.2d 831. Because the decision of the court of appeals conflicts with prior opinions of this court, a majority of the court, without hearing oral argument, reverses the judgment of the court of appeals and affirms the judgment of the trial court. Tex.R.App.P. 133.

In a prior case, Delphine Migura brought suit against E.J. Migura to establish the existence of a common law marriage, and for divorce. During the pendency of the suit, Mr. Migura ceremonially married Joy Dukes, and executed a will devising certain real property to her. He died shortly thereafter.

After Mr. Migura's death, Delphine Migura amended her petition to substitute the executrix of Mr. Migura's estate as a party defendant, and to assert a claim against the estate for reimbursement of community property. Joy Dukes was not joined as a party.

The existence of the common-law marriage was established by agreed judgment between Delphine Migura and the executrix of Mr. Migura's estate. The judgment divides the community property between Delphine Migura and Mr. Migura's estate. It establishes a lien of $25,000 to satisfy Delphine Migura's claim of reimbursement, against the real property Mr. Migura devised to Joy Dukes. The propriety of this lien was not challenged by an appeal of this judgment.

Delphine Migura brought the instant suit against the executrix of Mr. Migura's estate and Joy Dukes to foreclose the equitable lien obtained in the prior suit. The trial court rendered summary judgment foreclosing the lien. Joy Dukes appealed that judgment.

The court of appeals reversed judgment for Delphine Migura and remanded to the trial court. It held that the prior action establishing the lien was a suit involving title to real property, and Joy Dukes, as a devisee of the estate, was an indispensable party under Tex.Civ.Prac. & Rem.Code Ann. § 17.002 (Vernon 1986). Thus the court determined that the prior judgment was void as to Joy Dukes.

The Code provides that in "a suit against the estate of a decedent involving the title to real property, the executor or administrator, if any, and the heirs must be made parties defendant." Tex.Civ.Prac. & Rem. Code Ann. § 17.002 (Vernon 1986). A lien is not title to real property, however. *Bankers Home Bldg. & Loan Ass'n v. Wyatt,* 139 Tex. 173, 162 S.W.2d 694, 696 (1942). It is the right of recourse to sell specific property in satisfaction of a debt rather than an estate in that property. *Day v. Day,* 610 S.W.2d 195, 199 (Tex.Civ. App.—Tyler 1980, writ ref'd n.r.e.). Thus, in the usual suit to establish or foreclose a lien, title is not called into question.

In *Howard v. Johnson,* 69 Tex. 655, 7 S.W. 522 (1888), the court noted that the statute requiring the joinder of heirs in a suit to foreclose a mortgage had been repealed. The court considered whether heirs were necessary parties under Tex. Rev.Civ.Stat. art. 1202 (1879) (repealed 1895), an early precursor to Tex.Prac. & Rem.Code Ann. § 17.002 (Vernon 1986):

> [T]he provision quoted from the law of 1870 is substituted by article 1202, which reads as follows: 'In every suit against the estate of a decedent involving title to real estate, the executor or administrator, if any, and the heirs, shall be made parties.' We construe this to apply to suits in which the title of the estate to land is brought into controversy, and not to such as merely seek to enforce a lien upon it.

69 Tex. at 658–59, 7 S.W. at 524. *Accord, Tucker v. Cole,* 215 S.W.2d 252, 256–57 (Tex.Civ.App.—Texarkana 1948, writ ref'd n.r.e.); *Loden v. Burgess,* 74 S.W.2d 304, 306–07 (Tex.Civ.App.—1934, writ ref'd); *Garza v. Wilkinson,* 129 S.W.2d 839, 840 (Tex.Civ.App.—San Antonio 1939, writ dism'd, judgm't corr.).

Title to Mr. Migura's separate real property was not at issue in the suit to establish the lien. Consequently the executrix was the only essential party to the suit, and the agreed judgment bound all of Mr. Migura's devisees. *Howard,* 69 Tex. at 659–60, 7 S.W. at 525. Because the decision of the court of appeals conflicts with *Howard* and *Loden,* a majority of the court, without hearing oral argument, reverses the judgment of the court of appeals and affirms the judgment of the trial court. Tex.R. App.P. 133(b).