Lydia Maresh SUPAK and the Estate of Eugene Kubena, Appellants,

v.

Raymond W. ZBORIL, Adele Zboril, and Burleson County, Appellees.

No. 14–00–00052–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 23, 2001.

---

Timothy A. Hootman, Houston, D. Jennings Bryant, LaPorte, for appellants.

Michael A. Shaunessy, Austin, Paul J. Batista, Caldwell, for appellees.

Panel consists of Justices EDELMAN and FROST and Senior Chief Justice MURPHY.*

## OPINION

FROST, Justice.

The underlying dispute in this appeal is whether the co-owners of a strip of rural land impliedly dedicated that land for public use as a road. Challenging a judgment against them, the landowners argue that the evidence is legally and factually insufficient to support the jury's finding of an implied dedication, and that the trial court erred in ordering them to pay attorneys' fees. We affirm the trial court's judgment in part, and, because the trial court lacked jurisdiction over one of the parties, we vacate the judgment in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. The Zboril/Supak Lawsuit

In 1988, Raymond and Adele Zboril purchased an 82–acre tract of land near Farm to Market Road 111 in Burleson County. To access FM 111 from their property, the Zborils traveled over a strip of land that was jointly owned by Lydia Supak and Eugene Kubena. Three days after the Zborils' purchase, however, Supak requested that they stop using this roadway. When the Zborils ignored her request, Supak, with Kubena's permission, built a fence across the road. Shortly thereafter, the Zborils filed suit against Supak and Kubena, seeking (1) a declaration that the Zborils had acquired an easement by prescription in the roadway and (2) an injunction to prevent Supak and Kubena from interfering with the Zborils' use of the alleged easement. Supak and Kubena counterclaimed, alleging a cloud on their title and seeking damages for trespass. Following a jury trial, the court entered judgment that the general public had acquired an easement by prescription over the land in question. On appeal, this court reversed and remanded, concluding that there was insufficient evidence of a ten-year period during which the general public's use of the roadway was exclusive and adverse. *Supak v. Zboril,* No. A14–91–00004–CV (Tex.App.—Houston [14th Dist.] Jan.16, 1992, no writ) (not designated for publication), 1992 WL 5569.

#### B. The Supak/Burleson County Lawsuit

In November 1990, after the trial court's judgment in the first lawsuit (but before a

---

* Senior Chief Justice Paul C. Murphy sitting by assignment.

notice of appeal had been filed), the commissioners court for Burleson County, at the request of the Zborils' attorney, designated the roadway as County Road 151.[1] In November 1992, Supak and Kubena filed a separate suit against Burleson County, seeking a declaration that the county's designation was void for lack of notice and damages for trespass or, in the alternative, a taking of their property without compensation. Burleson County filed a counterclaim seeking a declaratory judgment that the road had been impliedly conveyed or dedicated or, in the alternative, that the county had acquired the road through adverse possession. As an additional alternative, the county, under a theory of quantum meruit or implied contract, sought payment for maintenance it claimed to have performed on the road.

### C. Eugene Kubena's Death

In December 1993, the Supak/Burleson County lawsuit was consolidated with the remanded Zboril/Supak lawsuit. At that time, Supak filed a suggestion of death on behalf of Eugene Kubena. The suggestion of death did not identify a personal representative for Kubena's estate. No administrator, executor, or heir of Kubena's estate ever made a formal appearance or was otherwise made a party to the consolidated lawsuit. In fact, the attorney representing Supak and Kubena continued to file pleadings on behalf of "Plaintiff Eugene Kubena" as late as December 1998.

### D. Trial of the Consolidated Cases

Trial of the consolidated cases began in August 1999. The jury found that both Supak and Kubena, or their predecessors, impliedly dedicated all or a portion of the roadway for public use before 1983. In its judgment, the trial court (1) awarded all real property comprising the roadway and the adjoining property up to the landowners' fence lines to Burleson County pursuant to an implied dedication, (2) declared that the roadway and surrounding property belongs to the county, and (3) ordered Supak and "the Estate of Eugene Kubena" to pay attorneys' fees to both Burleson County and the Zborils.

### II. ISSUES PRESENTED FOR REVIEW

Appellants present four questions on appeal: (1) whether the evidence is legally sufficient to sustain the jury's finding of an implied dedication, (2) whether the evidence is factually sufficient to support that finding, (3) whether the trial court erred in awarding attorneys' fees to Burleson County, and (4) whether the trial court erred in awarding attorneys' fees to the Zborils.

### III. SUFFICIENCY OF THE EVIDENCE

#### A. Legal Sufficiency

■■■ Appellants first argue the evidence is legally insufficient to support the jury's finding that the roadway was impliedly dedicated for public use. A legal sufficiency point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). We consider all the evidence in the light most favorable to the jury's verdict, indulging every reasonable inference in favor of the prevailing party. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285–86 (Tex.

---

1. Before the Zborils filed their lawsuit, the commissioners court voted to take no action concerning the Zboril/Supak dispute, instead allowing the matter to be resolved in court.

1998). If the record contains any evidence of probative force to support the jury's finding, the legal insufficiency challenge must be overruled. *ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex. 1997).

In response to the first two questions, the jury found that Supak and Kubena, or their predecessors, impliedly dedicated all or a portion of the roadway for public use before 1983.[2] The jury was instructed that a dedication is implied if:

1. The acts or inaction of the landowners induced the belief that the landowners intended to dedicate the roadway to public use;

2. The landowners owned the land and therefore were competent to dedicate the roadway;

3. The public relied on these acts and have been served by the dedication; and

4. There was an offer and acceptance of the dedication by the public, although no formal, written, or official offer and acceptance is required.

*See Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d 254, 256 (Tex.1984) (setting forth the essential elements of an implied dedication). Appellants attack all but the second of these elements.

### 1. Intent To Dedicate

■ Appellants first assert there is no evidence that the landowners' actions induced the belief that they intended to dedicate the road to public use. The theory of implied dedication requires evidence that the landowner intended to devote his or her property to public use. *See O'Con-*

*nor v. Gragg,* 161 Tex. 273, 339 S.W.2d 878, 882–83 (1960). However, direct evidence of the landowner's subjective intent is not necessary. *Owens v. Hockett,* 151 Tex. 503, 251 S.W.2d 957, 958 (1952). Evidence of a landowner's intent to dedicate may be shown "by express words, overt acts, or even by such inaction on the part of the owner as would justify a conclusion that he intended to dedicate his land to public use." *Id.,* 251 S.W.2d at 959 (quoting *Brown v. Kelley,* 212 S.W.2d 834, 837 (Tex.Civ.App.—Fort Worth 1948, no writ)). Whether an intent to dedicate has been shown is a question of fact. *Viscardi v. Pajestka,* 576 S.W.2d 16, 19 (Tex.1978).

■ Conduct that has been found to constitute evidence of a landowner's intent to dedicate includes permitting the county to maintain the road and fencing off the roadway from the landowner's remaining property. *See Lindner v. Hill,* 691 S.W.2d 590, 592 (Tex.1985); *Owens,* 251 S.W.2d at 959. In addition, evidence of long and continued public use raises a presumption of dedication when the origin of the public use and ownership of the land at the time the public use began are "shrouded in obscurity" and no evidence exists to show the landowner's intent in allowing the initial public use. *O'Connor,* 339 S.W.2d at 882.

The Zborils and Burleson County presented considerable evidence to support the intent element. One witness testified that she and others had used the road, without asking permission and without objection from Supak, Kubena, or their predecessors, at least as far back as 1921. No evidence was presented as to the landown-

---

**2.** Based on its answers to the first two questions on implied dedication, the jury was instructed not to answer the remaining sixteen questions in the charge, which would have asked the jury to decide the following: whether Burleson County's actions put a cloud on Supak's and Kubena's titles; whether Burle-

son County trespassed; whether the county was entitled to compensation for work performed on Supak's and Kubena's properties; and whether any party was precluded from recovering under the doctrines of estoppel, waiver, or laches.

ers' intent at that time.[3] Other witnesses testified that they and others had used the road freely and without asking permission for over fifty years. Supak herself testified that "tons of people" went up and down the road. Several witnesses further testified that, for as long as they could remember, the road has been separated from the adjoining property by fences along either side, and its location has never changed. Furthermore, there was testimony from former county employees that they had worked on and maintained the road since at least 1960. We find this evidence more than sufficient to establish an implied intention to dedicate the roadway for public use.

## 2. Public Reliance and Public Purpose

 Next, appellants complain there is no evidence that the public relied on the dedication or that the dedication served a public purpose. We disagree. Evidence of long, continued, unquestioned use of a road supports a jury finding that the public relied on an implied dedication of that road. *Graff v. Whittle*, 947 S.W.2d 629, 638 (Tex.App.—Texarkana 1997, writ denied). As noted above, there was ample testimony from witnesses who had been using the road continuously and without objection for over seventy years before trial. These same witnesses testified that they had always considered it to be a public road and never asked permission to use it. We find there is sufficient evidence of public reliance.

As for public purpose, witnesses testified that the road was used by children for the purpose of getting to and from school and by workers to access properties adjoining the road. The record contains sufficient evidence that the road's dedication has served a public purpose.

## 3. Offer and Acceptance

 Finally, appellants contend there is no evidence that the public accepted an alleged offer to dedicate the roadway. Acceptance may be shown by general and customary use of the road by the public. *Gutierrez v. County of Zapata*, 951 S.W.2d 831, 842 (Tex.App.—San Antonio 1997, no writ); *see also Graff*, 947 S.W.2d at 638 ("[T]he evidence in the present case of long, continued, unquestioned use of the road supports a jury finding that ... there was an implied offer and acceptance of the dedication."). As outlined above, the testimony at trial provides a sufficient basis for finding that the public accepted the dedication offer.

We find the record contains legally sufficient evidence to support the jury's finding of an implied dedication. Accordingly, we overrule appellants' first issue.

## B. Factual Sufficiency

 In their second issue, appellants complain that the evidence is factually insufficient to support a finding of implied dedication. If a finding is challenged for factual sufficiency of the evidence, all the evidence in the record is reviewed. *See Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We may reverse on the basis of factual insufficiency only if the jury's verdict is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

---

**3.** The record reflects that Supak's father acquired Supak's portion of the disputed property in 1926 from a man identified as Mr. Paukrt. Eugene Kubena acquired his property from William Bayers in 1948. No testimony was presented regarding the intent of Paukrt or Bayers.

Appellants contend the evidence presented by Burleson County and the Zborils, at best, merely established that persons other than the Supaks and Kubenas were using the roadway in question. Appellants further contend that all such use was limited to those who were related to or had permission from Supak or Kubena (or their predecessors). Proof that a road is only slightly traveled by the public does not prove the road is not a public road. *Gutierrez*, 951 S.W.2d at 841. Rather, the test is whether the road "is free and open to all who have occasion to use it." *Id.* Based on the overwhelming evidence presented regarding the long-standing use of the road by numerous individuals, without permission and without objection, we reject appellants' factual sufficiency challenge. Appellants' second issue is overruled.

## IV. ATTORNEYS' FEES

In their third and fourth issues, appellants argue the trial court erred in awarding attorneys' fees to Burleson County and the Zborils. Both the county and the Zborils sought a declaratory judgment that the disputed roadway had been impliedly dedicated to the public. Under the Uniform Declaratory Judgments Act, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997). Appellants contend that a declaratory judgment is available only for those types of claims specifically identified in section 37.004(a) of that act. *See id.* § 37.004(a). According to appellants, the subject matter of this case is "classic trespass to try title material," and thus a declaratory judgment (and the resulting award of attorneys' fees) is inappropriate. We disagree.

As the Uniform Declaratory Judgments Act makes clear, section 37.004 is not intended to be an exclusive list of those cases for which a court may grant declaratory relief. Section 37.003 gives courts the power "to declare rights, status, and other legal relations." *Id.* § 37.003(a). Section 37.003(c) then provides:

> The enumerations in Sections 37.004 and 37.005 do not limit or restrict the exercise of the general powers conferred in this section in any proceeding in which declaratory relief is sought and a judgment or decree will terminate the controversy or remove an uncertainty.

*Id.* § 37.003(c). Other courts have found attorneys' fees awards to be appropriate in cases involving declaratory judgments of an implied dedication. *See, e.g., Steel v. Wheeler*, 993 S.W.2d 376, 381 (Tex.App.—Tyler 1999, pet. denied). The trial court did not err in awarding attorneys' fees under the Uniform Declaratory Judgments Act. Appellants' third and fourth issues are overruled.

## V. EFFECT OF KUBENA'S DEATH

Although we find no basis for reversal in any of the four issues raised in appellants' brief, we informed the parties during oral argument of our concern that, after Eugene Kubena's death, neither a personal representative nor any heirs of Kubena's estate were joined as parties. Following argument, the parties submitted supplemental briefs addressing this concern. Because this issue involves a potential error of jurisdiction, we will address it, despite the fact that the parties did not raise the issue themselves. *See Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956).

### A. Attorneys' Fees Award

We first consider whether the trial court impermissibly ordered the payment of attorneys' fees by "the Estate of Eugene Kubena." It is well-settled that the estate of a decedent is not a legal entity and may not sue or be sued as such.

*Price v. Estate of Anderson,* 522 S.W.2d 690, 691 (Tex.1975). A suit seeking to establish liability against a decedent should ordinarily be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries. *Id.*

Kubena died at some point after the Zboril/Supak lawsuit was filed, but before the trial that led to this appeal.[4] In these circumstances, the court may not simply proceed against the estate of the deceased party. *See Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987). The Texas Rules of Civil Procedure set forth specific procedures for obtaining the appearance of a representative on behalf of the decedent's estate so that the lawsuit may proceed. *See* Tex.R. Civ. P. 151, 152. For reasons unclear from the record, none of these procedures were followed. Accordingly, neither the estate of Eugene Kubena, nor any representative of the estate, was ever made a party to this lawsuit.

A trial court may not enter judgment against a party not before it. *Mapco, Inc. v. Carter,* 817 S.W.2d 686, 686 (Tex.1991) (per curiam). Such lack of jurisdiction is fundamental error, which we are obligated to notice if the error is apparent from the face of the record. *Estate of C.M. v. S.G.,* 937 S.W.2d 8, 10 (Tex. App.—Houston [14th Dist.] 1996, no writ). The Zborils and Burleson County, however, argue the judgment against Kubena's estate is valid because Michael Kubena appeared at trial as the estate's personal representative.

The Zborils and Burleson County cite three cases to support their argument that Michael Kubena's participation at trial is sufficient to support a judgment against Eugene Kubena's estate. In *Embrey v.*

*Royal Insurance Co. of America,* 22 S.W.3d 414 (Tex.2000), the court states in a footnote that "if the personal representative of an estate participates in the case, the judgment involving the estate may be valid." *Id.* at 415 n. 2. In *Embrey,* the estate's purported personal representative was already a party to the suit in his capacity as guardian of the decedent. Because the trial court rendered an agreed judgment in favor of both the guardian and the decedent's estate, and because no party objected, the court therefore assumed that the guardian was also serving as the estate's representative. *Id.*

The *Embrey* court cited *Bernstein v. Portland Savings & Loan Ass'n,* 850 S.W.2d 694 (Tex.App.—Corpus Christi 1993, writ denied), in which a judgment against "the Estate of Sidney T. Bernstein" was found to be valid. In *Bernstein,* the record contained a suggestion of death in which the decedent's brother, Zayle Bernstein, was identified as the estate's personal representative. Zayle later filed a motion for sanctions and supplemental memorandum "individually and as Personal Representative of the Estate of Sidney T. Bernstein." *Id.* at 700. The judgment itself stated that "the personal representative of the Estate of Sidney T. Bernstein [was] properly served." *Id.* The appellate court therefore concluded that the motion and the judgment showed "that the personal representative had notice of and participated sufficiently in the case to make the judgment binding against the representative." *Id.*

The Zborils and Burleson County also cite *Dueitt v. Dueitt,* 802 S.W.2d 859 (Tex. App.—Houston [1st Dist.] 1991, no writ), in which the court declined to invalidate a

---

4. The suggestion of Kubena's death was filed on December 13, 1993, shortly after the two lawsuits were consolidated. Although the record does not reflect the date of Kubena's death, we assume that he died after the November 1992 filing of the Supak/Burleson County lawsuit.

summary judgment granted on behalf of a decedent's estate. The plaintiff's petition in *Dueitt* was brought solely in the name of the decedent's estate. However, the court noted that the co-executor of the decedent's estate attached an affidavit to the petition attesting to the truth of the allegations contained therein. A similar affidavit was attached to a response to a summary judgment motion. The court concluded that the co-executor "did actively appear in his representative capacity on behalf of the party plaintiff in the case" by "verifying the allegations of the plaintiff's petition." *Id.* at 861.

In contrast to these three cases, there is virtually no evidence that Michael Kubena actively participated in the case as the personal representative of Eugene Kubena's estate. No pleadings or other documents were ever filed identifying Michael Kubena as a representative of the estate or as a participant in any other capacity. The Zborils and Burleson County instead rely on two courtroom exchanges that took place before trial began. During voir dire, after informing the jury panel that Eugene Kubena had died, the Zborils' attorney introduced Michael and stated, "So Mike Kubena will be representing that family in this litigation, or at least I presume that's the case." Later, counsel for Supak and Kubena requested that Michael not be excluded from the courtroom as a witness under Texas Rule of Evidence 614, identifying him as "the representative for the estate." After asking Michael a few questions regarding the estate's status, the Zborils' attorney indicated he had "no objection to him sitting in." Although Michael testified at trial, he did so only in his individual capacity as a fact witness. The record before us simply does not support the conclusion that Michael Kubena participated sufficiently in the case as the purported representative of Eugene Kubena's estate to make the judgment binding against him in that capacity. *See Estate of*

*C.M.*, 937 S.W.2d at 10–11. Because the trial court did not have jurisdiction over a representative of Eugene Kubena's estate, we find the judgment is void to the extent it imposes liability against "the Estate of Eugene Kubena" for attorneys' fees.

**B. Disposition of Real Property**

■ We next address whether the trial court's judgment is valid with respect to appellants' implied dedication. Section 17.002 of the Texas Civil Practice and Remedies Code provides:

> In a suit against the estate of a decedent involving the title to real property, the executor or administrator, if any, and the heirs must be made parties defendant.

TEX. CIV. PRAC. & REM.CODE ANN. § 17.002 (Vernon 1997).

The Zborils and Burleson County first contend that section 17.002 does not apply to this case, because an implied dedication of a roadway necessarily confers on the public only an easement, and not "the title to real property." Contrary to appellees' argument, this court has held that a dedication may convey either an easement or fee simple, depending on the landowner's intent. *Russell v. City of Bryan*, 919 S.W.2d 698, 703 (Tex.App.—Houston [14th Dist.] 1996, writ denied). Here, the trial court's judgment, on its face, reflects the conveyance of a fee interest, not just an easement. The pertinent part of the trial court's judgment provides:

> It is, therefore;
>
> ORDERED, ADJUDGED and DECREED that the real property which makes up Burleson County, County Road 151, all real property within fence lines on either side of that roadway, *belongs to Burleson County, Texas and was conveyed to the County* by an implied dedication. It is, further;
>
> ORDERED, ADJUDGED and DECREED that Burleson County, Texas

and Raymond and Adele Zboril have a declaration from this Court that all of the real property that makes up Burleson County, County Road 151, all property within the fence lines on either side of that road, *belongs to Burleson County, Texas.*[5]

A plain reading of the trial court's judgment shows that the "real property" comprising the roadway in dispute "was conveyed" to Burleson County. As a result, this suit falls squarely within section 17.002.[6]

Neither the executor or administrator of Eugene Kubena's estate, nor any of his heirs, were made parties to the suit. Because no party has assigned error to the absence of these parties, however, we must decide whether it rises to the level of jurisdictional or fundamental error. *See Estate of C.M.,* 937 S.W.2d at 10.

■■■ Fundamental error is a largely discredited doctrine, surviving only in those rare instances in which the record shows on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes and constitution of Texas. *Cox v. Johnson,* 638 S.W.2d 867, 868 (Tex.1982) (per curiam). The Zborils and Burleson County correctly note that since the 1971 amendment to Texas Rule of Civil Procedure 39 (dealing with joinder of parties), the courts no longer emphasize jurisdiction when examining whether an "indispensable" party should have been joined. *See id.* In this case, however, the requirement that the Kubena estate's representative and heirs be joined as parties arises not from a procedural rule, but rather from a statutory mandate. Under these circumstances, the trial court's failure to join these parties constitutes fundamental error, which we must recognize. *See Dukes v. Migura,* 758 S.W.2d 831, 833 (Tex.App.—Corpus Christi 1988), *rev'd on other grounds,* 770 S.W.2d 568 (Tex.1989) (per curiam). A contrary result would defeat the heirs' right "to have notice and to participate in lawsuits that purport to adjudicate their interests in realty devised to them." *Id.* In other words, the trial court's judgment directly and adversely affects the public interest as declared by the Texas Legislature in section 17.002. *See Cox,* 638 S.W.2d at 868. The trial court did not have jurisdiction to convey real property belonging to Eugene Kubena's heirs. We therefore vacate the judgment to the extent it purports to do so.

### C. Partial Invalidity of Judgment

Our conclusion that the judgment is void as to the attorneys' fees award against and the property belonging to Eugene Kubena's estate does not automatically render the entire judgment invalid. The Texas Supreme Court has stated that "a judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it." *Kubena v. Hatch,* 144 Tex. 627, 193 S.W.2d 175, 177 (1946). There is no question that the trial court had jurisdiction over Supak. The portion of the judgment imposing monetary liability against Supak is not dependent on the judgment against Kubena's estate. Therefore, we affirm the trial court's award of attorneys' fees against Supak in favor of the Zborils and Burleson County.

---

5. Emphasis added.

6. In their post-argument submissions, the Zborils and Burleson County suggest that the evidence does not support the conveyance of fee title. However, none of the parties objected to the judgment on this ground, either in the trial court or on appeal. Accordingly, any such complaint has been waived. *See Bank One, Texas, N.A. v. Stewart,* 967 S.W.2d 419, 434 (Tex.App.—Houston [14th Dist.] 1998, pet. denied).

As for the property disposition, the record indicates that Lydia Supak and Eugene Kubena each held title to a separate portion of the property that jointly made up the roadway. In other words, the trial court's judgment actually consists of a conveyance to Burleson County of two separate tracts of land—one belonging to Supak, and one belonging to Kubena's estate. Viewed in this way, the portion of the judgment conveying Supak's land is not so dependent on the portion conveying Kubena's land so as to invalidate the entire judgment. Accordingly, despite the absence of Kubena's administrator, executor, or heirs as parties to the lawsuit, we find that the judgment is not void to the extent that it (1) orders that the portion of County Road 151 (as well as all real property within the fence lines along the side of the roadway) that was owned by Supak "belongs to Burleson County, Texas and was conveyed to the County by an implied dedication," and (2) grants the Zborils and the county a declaration that this portion of the property belongs to Burleson County. Thus, this portion of the trial court's judgment is affirmed.

## VI. Conclusion

Because the trial court did not have jurisdiction over the Estate of Eugene Kubena, we vacate the portion of the trial court's judgment ordering Kubena's estate to pay attorneys' fees to the Zborils and Burleson County. Because neither Kubena's administrator or executor nor his heirs were made parties to the lawsuit, we also vacate that portion of the judgment conveying to Burleson County the part of County Road 151 (and adjoining property within the fence lines) belonging to Eugene Kubena's estate. The remainder of the trial court's judgment is affirmed.