

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-290-CV

CITY OF CROWLEY, TEXAS                                                    APPELLANT

V.

DOUG RAY                                                                        APPELLEE

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant City of Crowley, Texas, (the "City") appeals the trial court's order denying its plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008). In a single issue, the City argues that the trial court erred by denying its plea to the jurisdiction because Appellee Doug Ray

---

[1] *See* Tex. R. App. P. 47.4.

failed to establish a waiver of the City's governmental immunity by pleading an underlying controversy within the scope of section 37.004 of the Uniform Declaratory Judgments Act ("UDJA"). *See id.* § 37.004(a) (Vernon 2008). We will affirm.

## II. BACKGROUND

According to Ray's original petition, in 2007, he began planning for the construction of "Ray's Place Phase Two," a subdivision development located in the City on land partially within a flood plain. As part of the planning, Ray obtained the City's criteria for flood plain development, which had been drafted by Teague Nall and Perkins, Inc. ("TNP") for the City. After construction began on the development, Ray learned that the information and survey performed by TNP for the City were "incorrect and based upon the wrong flood plain information."[2] The City denied Ray building permits even though it had adopted the flood plain criteria as determined by TNP, and Ray was forced to erect additional retaining walls and increase fills, suffered delays in the completion of the project, and lost actual lots due to the modification of the flood plain.

---

[2] According to the affidavit of Ron Morrison, which Ray attached to the original petition, a Letter of Map Revision ("LOMR") dated July 20, 1999—which had been reviewed by TNP and approved by the City—contained an erroneous hydrology model.

2

Ray sued TNP and the City. He alleged claims against TNP for breach of contract, professional negligence, and breach of implied warranty, and he sought a declaratory judgment against the City, requesting that the trial court declare the following:

1. That the Federal Emergency Management Agency Study of the City of Crowley, which includes Fryear, A B Survey, A 535 Tr 4H,[] showing the Flood Insurance Rate Map (FIRM) and Flood Insurance Study (FIS), control the location of the 100 year flood plain.

2. The Letter of Map Revision (LOMR) dated March 9, 1999, from the Federal Emergency Management Agency along with the LOMR dated July 20, 1999, were adopted by the City of Crowley.

3. The LOMR of March 9, 1999, and LOMR of July 20, 1999, revised the FIRM and FIS report, both dated August 2, 1995.

4. The LOMR of March 9, 1999, and LOMR of July 20, 1999, revised the FIRM and FIS report both dated August 2, 1995, to establish elevations and floodplain and floodway boundary delineations of the flood having a 1-percent chance of being equaled or exceeded in any given year (base flood) along the North Fork of Deer Creek from the AT&SF to approximately 1,700 feet upstream (100 year flood plain).

5. The LOMR of March 9, 1999, and LOMR of July 20, 1999, along with the FIRM and FIS report, both dated August 2, 1995, cover the property located at lots 1-6 & 13-17, Block 1 Fryear, A B Survey, A 535 Tr 4H, as recorded in the Tarrant County Deed Records.

6. The LOMR of March 9, 1999, and LOMR of July 20, 1999, along with the FIRM and FIS report, both dated August 2, 1995, would not affect development of the property located

3

at Fryear, A B Survey, A 535 Tr 4H, as recorded in the Tarrant County Deed Records.

7.    The Ray's Place II Addition located at Fryear, A B Survey, A 535 Tr 4H, as originally designed, would not be within the 100 year flood plain of the North Fork of Deer Creek.

8.    Defendant City of Crowley may not deny a permit to develop property located at Fryear, A B Survey, A 535 Tr 4H, as recorded in the Tarrant County Deed Records based upon encroaching on the 100 year flood plain.

9.    No changes have been made to the floodplain as adopted by the city in accordance with the LOMR of 3/9/99 and LOMR of 7/20/99 and the FIRM and FIS report dated 8/2/95.

The City filed its plea to the jurisdiction, arguing that Ray failed to establish the jurisdiction of the trial court over his declaratory judgment action because he did not plead that a statute or ordinance is ambiguous or invalid as required by civil practice and remedies code section 37.004. The trial court denied the plea, and this interlocutory appeal followed.

### III.  RAY'S MOTION TO DISMISS

Ray filed a motion to dismiss the City's interlocutory appeal. He argues that this court lacks jurisdiction over the City's appeal because the enumerations of civil practice and remedies code section 37.004 are not jurisdictional.

It is well established that the doctrine of governmental immunity protects governmental entities from lawsuits for damages absent a waiver of immunity

4

or legislative consent to sue. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *MBP Corp. v. Bd. of Trustees of Galveston Wharves*, 297 S.W.3d 483, 487 (Tex. App.—Houston [14th Dist.] 2009, no pet.). If a governmental entity is entitled to immunity from the plaintiff's suit, the trial court lacks subject matter jurisdiction to consider the suit. *Jones*, 8 S.W.3d at 638–39 ("Since as early as 1847, the law in Texas has been that absent the state's consent to suit, a trial court lacks subject matter jurisdiction."). A defendant may challenge the trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Id.* at 638. Civil practice and remedies code section 51.014(a)(8) permits an interlocutory appeal from an order that denies a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

Here, the City is a governmental entity; it is not a private individual or other entity that is not generally entitled to governmental immunity. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). As a governmental entity, the City enjoys immunity from Ray's suit unless its immunity has been waived. *See Jones*, 8 S.W.3d at 638; *Wharves*, 297 S.W.3d at 487. In its plea to the jurisdiction, the City relies on several cases for its contention that, as a governmental entity, it is entitled to immunity from a request for relief for a declaratory judgment except when the request for

5

declaratory relief alleges that a statute or ordinance is ambiguous or invalid.[3]

Because Ray did not plead that a statute or ordinance is ambiguous or invalid, the City argues that its immunity from Ray's suit has not been waived and that the trial court therefore lacks subject matter jurisdiction.[4] Accordingly, the City raised an issue implicating the trial court's jurisdiction over Ray's declaratory judgment action, and this court has jurisdiction to consider the City's interlocutory appeal of the trial court's order denying its plea to the jurisdiction. We overrule each of Ray's arguments, and we deny his motion to dismiss the City's appeal.

## IV. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court has subject matter jurisdiction is a question of law that we review

---

[3] *See Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) (reasoning that governmental immunity is waived in declaratory judgment actions to construe legislative enactments of governmental entities); *Boatman v. Lites*, 970 S.W.2d 41, 43 (Tex. App.—Tyler 1998, no pet.) (stating that a declaratory judgment should not be rendered when there is no claim that a statute or a deed is ambiguous or invalid).

[4] As the City characterizes its plea, "[t]he issue . . . is whether [Ray] has plead [sic] an underlying controversy within the scope of section 37.004 of the UDJA."

de novo.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The determination of whether a trial court has subject matter jurisdiction begins with the pleadings.  *Miranda*, 133 S.W.3d at 226.  The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings.  *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied) (op. on reh'g).  If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised.  *See Bland ISD*, 34 S.W.3d at 555.

### V.  RAY'S REQUESTED DECLARATORY RELIEF IS NOT BARRED BY GOVERNMENTAL IMMUNITY

In its only issue, the City argues that the trial court erred by denying its plea to the jurisdiction.  It contends that the UDJA "has been construed to only waive immunity for declaratory judgment actions involving the construction of legislative enactments of governmental entities" and, therefore, that "a

7

declaratory judgment should not be rendered when there is no claim that a statute, ordinance or deed is ambiguous or invalid."  The City accordingly argues that Ray failed to establish a waiver of the City's governmental immunity because none of his nine requests for declaratory relief allege that a statute or ordinance is ambiguous or invalid.  The City also argues that Ray's claim for attorneys' fees, which arises under the UDJA, should have been dismissed because he failed to invoke the jurisdiction of the trial court over his declaratory judgment action.

Ray essentially concedes that his requests for declaratory relief do not fit neatly within the class of claims commonly cited by courts as not implicating immunity, but he responds that the City's argument fails because it disregards the purpose and extent of the UDJA.

The purpose of the UDJA is to establish existing "rights, status, and other legal relations whether or not further relief is or could be claimed."  Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a) (Vernon 2008).  The court issuing the declaratory judgment must act "within its jurisdiction"—the UDJA is not a grant of jurisdiction; rather, it is a procedural device for deciding cases already within

a court's jurisdiction. *Id.*; *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996). Section 37.004(a) specifically provides as follows:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a).

Sovereign immunity—referred to as governmental immunity in the context of a suit against a political subdivision, including a city—bars certain types of declaratory judgment actions against the State and its political subdivisions; it does not bar all types of declaratory judgment actions. Specifically, sovereign immunity bars a request for declaratory relief against a governmental entity that constitutes no more than a suit to recover money damages, such as breach of contract. *IT-Davy*, 74 S.W.3d at 853, 855–56 ("Sovereign immunity protects the State from lawsuits for money damages."); *Tex. Parks & Wildlife Dep't v. Callaway*, 971 S.W.2d 145, 152 (Tex. App.—Austin 1998, no pet.). Also, "suits against state officials seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities" implicate the doctrine of sovereign immunity because such suits "attempt to control state action by imposing liability on the State." *IT-Davy*, 74 S.W.3d at 855–56.

9

And ultra vires suits complaining of a state official's failure to comply with statutory or constitutional provisions must be brought against governmental actors in their official capacity, not against the governmental entities themselves. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009).

In contrast to suits seeking to recover money damages and to impose liability on the State, the UDJA allows persons to challenge ordinances or statutes, that is, legislative pronouncements.[5] *Leeper*, 893 S.W.2d at 446. Further, as alluded to, private parties may seek declaratory relief against state officials who allegedly act without legal or statutory authority or who fail to perform a purely ministerial act. *Heinrich*, 284 S.W.3d at 372–73 ("[S]uits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money."); *IT-Davy*, 74 S.W.3d at 855. This is because suits to compel state officers to act within their official capacity do not attempt to subject the State to liability and, thus, are not suits against the State. *IT-Davy*, 74 S.W.3d at 855. Immunity also does not shield the State from an action for compensation under the takings clause or from a suit for

---

[5] Indeed, governmental entities must be joined in suits to construe their ordinances or statutes. *Leeper*, 893 S.W.2d at 446.

equitable relief for a violation of constitutional rights. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 598 (Tex. 2001).

In this case, Ray seeks damages for breach of contract, professional negligence, and breach of implied warranty only from TNP; his original petition prays for "actual damages within the jurisdictional limits of the Court *from TNP.*" [Emphasis added.] Ray's requests for declaratory relief do not expressly seek money damages from the City or to impose liability upon the City; the original petition prays for "[j]udgment against [the City] as set out in paragraph IX," which only requests declaratory relief and attorneys' fees. Nor—as far as we can determine from the face of the original petition—does the requested declaratory relief constitute a veiled attempt to hold the City liable for some act or omission allegedly committed by the City in regard to, among other things, its adoption of the alleged partially erroneous flood plain criteria. Accordingly, Ray's requests for declaratory relief do not fall within the class of claims seeking declaratory relief for which the supreme court has determined that immunity is implicated.

On the other hand, Ray's requests for declaratory relief do not challenge a statute or ordinance, do not seek to compel a state officer to act within his or her official capacity, and do not seek compensation under the takings clause.

11

Rather, the requests ask the trial court to make declarations about various "documents," including several LOMRs and a "Federal Emergency Management Agency Study of the City of Crowley." It is precisely because of this—that Ray's requested declaratory relief does not fall squarely within the enumerations set out in section 37.004(a) (specifically, a challenge to a statute or ordinance)—that the City argues it is immune from Ray's suit requesting declaratory relief in regard to certain "documents." We conclude, however, that this is not fatal to Ray's action.

The UDJA contains provisions other than section 37.004 that are relevant to the City's issue.[6] Section 37.002(b) requires that the UDJA be liberally construed and administered to fulfill its purpose "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 2008). The City argues that it enjoys immunity from Ray's suit because his requests for declaratory relief do not "fall within the scope of section 37.004," but section 37.003(c) advises that "[t]he enumerations in Sections 37.004 . . . do not limit or restrict the exercise of the general powers conferred in this section in any

---

[6] Our primary objective when construing a statute is to ascertain and give effect to the legislature's intent, and we must read the statute as a whole and not just isolated portions. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004).

proceeding in which declaratory relief is sought and a judgment or decree will terminate the controversy or remove an uncertainty." *Id.* § 37.003(c); *see Supak v. Zboril*, 56 S.W.3d 785, 792 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("As the [UDJA] makes clear, section 37.004 is not intended to be an exclusive list of those cases for which a court may grant declaratory relief."); *Jackson v. City of McKinney*, No. 05-00-00062-CV, 2001 WL 946811, at *3 n.5 (Tex. App.—Dallas Aug. 22, 2001, no pet.) ("Section 37.004 is not exhaustive.").

In *Ackers v. Lubbock*, the Amarillo Court of Appeals considered the interplay between section 37.004(a) and section 37.003(c) in the context of addressing an issue almost identical to the issue raised by the City in this case. 253 S.W.3d 770, 774–76 (Tex. App.—Amarillo 2007, pet. denied). In that case, Ackers sued the City of Lubbock, requesting twenty-three declarations, including one that the Lubbock Police Department's policy requiring that parental permission be obtained before photographs of minors may be taken was unconstitutional. *Id.* at 774–75. The trial court sustained Lubbock's plea to the jurisdiction on governmental immunity grounds, but the court of appeals reversed, concluding that Lubbock's immunity had not been waived even though Ackers's request for declaratory relief did not fall squarely within the

13

enumerations of civil practice and remedies code section 37.004. *Id.* at 775. The court of appeals reasoned in relevant part as follows:

> While Ackers's challenge of the constitutionality of the City's policy is not specifically identified in section 37.004(a), we conclude that the failure of the section to specifically list a city's policy as being capable of challenge by declaratory action does not mean that such an action is barred by governmental immunity. . . . We conclude that the primary declaration sought by Ackers in the present case will remove uncertainty regarding rights and will resolve the controversy regarding whether the City's policy is valid.

*Id.*

In this case, Ray sued TNP because it allegedly reviewed and approved flood plain criteria for the City that were incorrect, causing Ray to suffer damages in connection with his development within the flood plain. The basis of Ray's suit against TNP thus concerns the circumstances surrounding TNP's actions or omissions with regard to the flood plain criteria that it allegedly reviewed and approved for the City. Ray's requests for declaratory relief seek to establish the historical actions of the City in administering flood plain regulations as to specific property within the City's boundaries. For example, Ray seeks a declaration that the Federal Emergency Management Agency Study of the City of Crowley controls the location of the 100-year flood plain; that the City adopted the March and July 1999 LOMRs; that the March and July 1999 LOMRs revised the Flood Insurance Rate Map and Flood Insurance Study, both

14

dated August 1995; and that the March and July 1999 LOMRs cover property located at a particular location, as recorded in the Tarrant County Deed Records.

Like the court in *Ackers*, we conclude that the absence of a reference in section 37.004(a)'s enumerations to the "documents" for which Ray seeks a declaration does not cause his action to be barred by governmental immunity because—considering the basis of Ray's claims against TNP and the substance of the declaratory relief he seeks from the City—his requests for declaratory relief will, at the very least, remove several uncertainties regarding the flood plain criteria documents that are central to Ray's suit against TNP. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.002(b), 37.003(c); *Ackers*, 253 S.W.3d at 775. Concluding to the contrary would effectively render meaningless several relevant UDJA provisions and ignore the supreme court's directive that "[t]he rule requiring a waiver of governmental immunity to be clear and unambiguous cannot be applied so rigidly that the almost certain intent of the Legislature is disregarded." *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 292 (Tex. 1995).

The City argues that in *Mount Calvary Missionary Baptist Church v. Morse Street Baptist Church*, this court adopted "the rule announced by *Boatman*" that "[a] declaratory judgment should not be rendered when there is

15

no claim that a statute or a deed is ambiguous or invalid." No. 02-04-00147-CV, 2005 WL 1654752, at *9 (Tex. App.—Fort Worth July 14, 2005, no pet.) (mem. op. on reh'g). The citation in *Mount Calvary* to the "rule announced by *Boatman*" does not foreclose the conclusion that we reach in this case. The "rule" that "[a] declaratory judgment should not be rendered when there is no claim that a statute or a deed is ambiguous or invalid" is essentially shorthand for expressing section 37.004(a), which identifies the subject matter of relief under the UDJA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a). As we explained above, the UDJA contains provisions other than section 37.004 that are relevant to the issue raised by the City in this appeal—sections 37.003(c) and 37.002(b). Unlike in this case, the issue in *Mount Calvary* did not include or require an examination of the plaintiff's request for declaratory relief in light of sections 37.003(c) and 37.002(b).[7] *Id.* at *8–9. Our reasoning in this case

---

[7] *Mount Calvary* involved an appeal from a summary judgment granted in favor of Morse on the basis of adverse possession. *Id.* at *1, *5–8. The discussion concerning the UDJA occurred in the context of addressing Mount Calvary's issue that the trial court had erred by awarding attorneys' fees to Morse under the UDJA. *Id.* at *8. This court concluded that the trial court had erred by awarding Morse attorneys' fees under the UDJA because Morse, whose claim only concerned "title under the ten-year adverse possession rule," had not pleaded a claim within the scope of section 37.004(a) but essentially used the UDJA merely as a vehicle to obtain attorneys' fees, which is not permitted. *Id.* at *5, *8–9.

16

is thus not inconsistent with the issue in *Mount Calvary* addressing attorneys' fees under the UDJA.

Accordingly, considering that Ray's requests for declaratory relief do not seek to impose any liability upon the City, do not request any money damages from the City, and will remove several uncertainties regarding the flood plain criteria documents that are central to his suit against TNP, we conclude and hold that Ray pleaded an underlying controversy within the scope of the UDJA and established a waiver of the City's governmental immunity. We overrule this part of the City's only issue.

In the other part of its only issue, the City argues that Ray's claim for attorneys' fees under the UDJA fails and should have been dismissed by the trial court for want of jurisdiction because he failed to invoke the trial court's jurisdiction under the UDJA. Having overruled the City's argument that Ray failed to invoke the trial court's subject matter jurisdiction, we overrule its argument that Ray's claim for attorneys' fees also should have been dismissed for lack of jurisdiction and leave the decision to the trial court regarding the awarding of attorneys' fees as are "equitable and just." *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008).

17

## VI. CONCLUSION

Having overruled the City's only issue, we affirm the trial court's order denying the City's plea to the jurisdiction.

                                        BILL MEIER
                                        JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  March 18, 2010