NO. 07-06-0421-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 29, 2007
_____

LARRY ACKERS, APPELLANT

V.

CITY OF LUBBOCK, APPELLEE
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-533,594; HONORABLE RUBEN REYES, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Larry Ackers, appeals the trial court's judgment granting appellee's, the City of Lubbock, Plea to the Jurisdiction and dismissing his claims with prejudice. We reverse the judgment and remand the case to the trial court.

Background

According to Ackers's live pleadings,[1] on April 23, 2005, Ackers learned that a youth basketball game was being played in the gymnasium at his church. At that time, Ackers was enrolled in a photography class at Texas Tech University and had a pending assignment to photograph an entertainment event. To complete the assignment, Ackers attended the game and took pictures of the participants and attendees. Two of the game's attendees confronted Ackers about his photographing the children. Ackers explained why he was taking the pictures, but the attendees called the Lubbock Police Department to report Ackers's activities anyway.

In response to this call, Lubbock Police Department (LPD) Officer Scott O'Neil was dispatched to investigate a suspicious person taking photographs of everyone's children at a basketball game. Following his arrival at the game, O'Neil seized Ackers's film. O'Neil completed an incident report and the incident was referred to the Juvenile Crimes, Investigative Division.

On May 11, 2005, Ackers went to the police station and met with Assistant Chief of the LPD, Thomas Esparza. Esparza informed Ackers that the investigation would likely be closed, but that the information gathered would remain in the police data system. Lieutenant Jeremy Brewer of the Juvenile Crimes, Investigative Division, was called into

---

[1] In review of a trial court's ruling on a plea to the jurisdiction, we must take all factual allegations pled as true, unless jurisdictionally relevant evidence was offered that negates jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Nueces County v. Ferguson, 97 S.W.3d 205, 213 (Tex.App.–Corpus Christi 2002, no pet.). All facts recited in this opinion are from Ackers's live pleading unless otherwise noted.

Ackers's meeting with Esparza. Brewer told Ackers that he had to have permission before he could take pictures of the children. Brewer's statement was made as an affirmative statement of LPD policy.

On May 17, 2005, Detective Rosanna Langston called Ackers and notified him that the parents are finally satisfied, that he should have obtained permission before taking the photos, and that his name will remain on file as an involved party in this incident and would "show up" if Ackers was stopped for a traffic violation in the future. Ackers was never charged with a crime as a result of his photographing the basketball game.

In response to the events described above, Ackers filed suit against the City of Lubbock requesting 23 declarations, including a declaration that LPD's photography policy is unconstitutional; equitable relief, including a permanent injunction; and costs and expenses, including attorney's fees. The City filed a Plea to the Jurisdiction asserting that it was immune from this suit based on its governmental immunity. The trial court held a hearing on the City's plea where it heard the arguments of both parties on the jurisdictional issue. Following the hearing, the trial court signed a judgment sustaining the City's plea and dismissing Ackers's claims. Ackers requested findings of fact and conclusions of law and the trial court made findings and conclusions.

By four issues, Ackers appeals. By his first issue, Ackers contends that the trial court erred in sustaining the City's plea to the jurisdiction. By his second issue, Ackers contends that any evidence considered by the trial court was not disclosed to Ackers. By his third issue, Ackers contends that the trial court's findings of fact and conclusions of law

3

are immaterial to the jurisdictional issue. Finally, by his fourth issue, Ackers contends that there is no evidence to support the trial court's judgment. We will address only Ackers's first and third issues, as they are the only issues necessary to final disposition of this appeal. See TEX. R. APP. P. 47.1.

## Plea to the Jurisdiction

By his first issue, Ackers contends that the trial court erred in sustaining the City's Plea to the Jurisdiction as to his claims for declaratory relief, for injunctive relief, and of a taking under article 1, section 17, of the Texas Constitution.

Subject-matter jurisdiction is essential to the authority of a court to decide a case. See Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.1993). A challenge to whether a court has subject matter jurisdiction may be raised by a plea to the jurisdiction. Bland Indep. Sch. Dist., 34 S.W.3d at 554. Whether a court has subject matter jurisdiction over a case is a legal question and, therefore, we review a trial court's ruling on a plea to the jurisdiction under a *de novo* standard of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. Bland Indep. Sch. Dist., 34 S.W.3d at 554. The purpose of a dilatory plea is not to force the plaintiff to preview their case on the merits, but to establish a reason why the merits of the case should not be reached. Id. As such, we review a ruling on a plea to the jurisdiction by first examining the claims in the plaintiff's pleadings, taking the facts pled therein as true, to

4

determine whether those facts support the trial court's jurisdiction. Nueces County, 97 S.W.3d at 213. However, we may also consider evidence submitted that is relevant to the jurisdictional issue and we must consider this evidence when it is necessary to resolve the issue of jurisdiction. Bland Indep. Sch. Dist., 34 S.W.3d at 555.

When looking at the plaintiff's pleadings, we must construe the pleadings in the plaintiff's favor and look to the pleader's intent. Nueces County, 97 S.W.3d at 213. The plaintiff bears the burden to allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. Id. If a plaintiff pleads facts that affirmatively demonstrate the absence of jurisdiction and the defect is incurable, then the case is properly dismissed. Id. However, if the plaintiff's pleadings do not demonstrate the trial court's jurisdiction, but are not affirmatively incurable, the proper remedy is to allow the plaintiff an opportunity to amend the pleadings before dismissal. Id. See also County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002); Peek v. Equip. Serv. Co., 779 S.W.2d 802, 805 (Tex. 1989).

In the present case, the City, by its plea to the jurisdiction, alleged that Ackers's claims were barred by the doctrine of governmental immunity. Governmental immunity protects governmental entities from lawsuits for damages absent legislative consent. Nueces County, 97 S.W.3d at 216-17. There are, however, certain exceptions to governmental immunity. Governmental immunity may be waived by express legislative permission, such as a resolution granting permission for a person to file suit, or by a statutory waiver. Id. at 217. Certain provisions of the Texas Constitution are self-enacting and provide the right to bring suit against a governmental entity for violations of the provision without the need for legislative consent. Id. Actions that seek to settle

5

uncertainty and insecurity with respect to rights, status, or other legal relations or that seek a declaration that officials acted without legal authority or acted in accordance with an unconstitutional law do not require consent, provided that these suits do not seek money damages. Id. at 217-18. A plaintiff filing suit against a governmental entity must assert claims for which immunity has been waived and facts that fall within the scope of that waiver. See Tex. Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); Nueces County, 97 S.W.3d at 217.

In the present case, Ackers asserted claims for declaratory relief, injunctive relief, and equitable relief to compensate him for the taking of his film. As no evidence was offered that would be necessary to the jurisdictional issue, we will confine our review to Ackers's pleadings, construing those pleadings in Ackers's favor and looking to his intent. Nueces County, 97 S.W.3d at 213. Because we conclude that the trial court had subject matter jurisdiction over at least one claim asserted by Ackers, we will limit our review to this claim. See Tex. R. App. P. 47.1.

Ackers's Claim for Declaratory Relief

Ackers requested 23 declarations from the trial court. The primary declaration sought was that any policy or procedure of the City that was used to justify any unlawful action taken against Ackers be found to be unconstitutional and declared void as a matter of law. Many of Ackers's requests for declarations seek declarations that the City committed acts that would make it liable under a number of different causes of action.

6

However, Ackers does not specifically request monetary relief for any of these causes of action.

As previously mentioned, no consent or waiver of governmental immunity is required when a suit seeks only a declaration or enforcement of rights. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002). A suit under the Uniform Declaratory Judgment Act or a suit alleging *ultra vires* acts falls within this exception. Nueces County, 97 S.W.3d at 217-18. The reason that these suits do not require consent or waiver of immunity is because they do not seek to subject the governmental entity to liability. Tex. Natural Res. Conservation Comm'n, 74 S.W.3d at 855. However, when a party brings a suit ostensibly to determine or protect rights but seeks monetary damages, governmental immunity bars the suit. Id. at 856; Nueces County, 97 S.W.3d at 218.

In the present case, Ackers pled that the City, through its police department, has a policy requiring that parental permission be obtained before photographs of minors may be taken.[2] As the City presented no evidence to controvert this allegation, we must accept the existence of such a policy as true. See Bland Indep. Sch. Dist., 34 S.W.3d at 555; Nueces County, 97 S.W.3d at 213. The Uniform Declaratory Judgment Act provides, in part, that,

---

[2] We note that Texas Penal Code section 21.15 makes it an offense to photograph another without the person's consent and with intent to arouse or gratify the sexual desire of any person. See TEX. PEN. CODE ANN. § 21.15(b) (Vernon Supp. 2007). The City's policy, as alleged by Ackers, removes the *mens rea* element of this offense. Thus, Ackers's pleading is not challenging the validity of section 21.15 nor is the City's policy authorized by this section.

> A person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon Supp. 2007). The City contends that, because Ackers's claim challenges the validity of a policy rather than of an instrument, statute, ordinance, contract, or franchise, the Uniform Declaratory Judgment Act does not remove governmental immunity for Ackers's primary claim for declaratory relief and, therefore, it is barred by governmental immunity.

While Ackers's challenge of the constitutionality of the City's policy is not specifically identified in section 37.004(a), we conclude that the failure of the section to specifically list a city's policy as being capable of challenge by declaratory action does not mean that such an action is barred by governmental immunity. First, section 37.003(c) provides that the enumerations in Section 37.004 "do not limit or restrict the exercise of the general powers conferred by this section in any proceeding in which declaratory relief is sought and a judgment or decree will terminate the controversy or remove an uncertainty." TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(c) (Vernon 1997). We conclude that the primary declaration sought by Ackers in the present case will remove uncertainty regarding rights and will resolve the controversy regarding whether the City's policy is valid. Further, because Ackers is not requesting monetary damages, but rather is seeking a declaration that the City's policy is unconstitutional, he does not need an express statutory waiver of governmental immunity to seek declaratory relief. See Tex. Natural Res. Conservation Comm'n, 74 S.W.3d at 855. As a result, we conclude that Ackers's request for a

8

declaration that any policy or procedure of the City that was used to justify any unlawful action taken against Ackers be found to be unconstitutional and declared void as a matter of law falls within the scope of the Uniform Declaratory Judgment Act. However, because this request for declaratory relief does not seek to impose liability on the City, an express statutory waiver of governmental immunity is not required for the trial court's exercise of subject matter jurisdiction.

The City argues that Ackers's Discovery Control Plan allegation that the suit involves a defendant who is likely to be liable in an amount in excess of $50,000 establishes that his claims are actually claims for monetary damages and are, therefore, barred by the doctrine of governmental immunity. However, in his live pleading, Ackers makes a claim that would entitle him to monetary damages. The Texas Constitution permits a party to seek equitable relief in the form of adequate compensation for a governmental taking of their property. See TEX. CONST. art. I, sec. 17; City of Beaumont v. Bouillion, 896 S.W.2d 143, 149 (Tex. 1995). Because Ackers's live pleading includes a taking claim, for which monetary damages may be awarded, we do not construe his primary request for declaratory judgment to be a veiled claim for monetary damages.

However, even were we to construe Ackers's primary request for declaratory relief to request monetary damages, the trial court should not have dismissed his case without first giving Ackers an opportunity to amend his pleadings. See Fryman v. Wilbarger Gen. Hosp., 207 S.W.3d 440, 442 (Tex.App.–Amarillo 2006, no pet. h.). The record does not reflect that Ackers was afforded an opportunity to amend his pleadings before the trial court dismissed his case with prejudice. Thus, even if the construction of Ackers's

9

pleading that is advanced by the City were accepted, Ackers could amend his pleading to remove the assertion that the defendant will likely be liable in excess of $50,000 from his identification of the Discovery Control Plan.

Findings of Fact and Conclusions of Law

By his third issue, Ackers contends that the trial court's findings of fact and conclusions of law relate solely to the merits of the suit and, therefore, are immaterial to a determination of whether the trial court has subject matter jurisdiction over Ackers's suit. The trial court made factual findings that the LPD officers involved in this matter "were acting within the scope of their official duties as city police officers during the investigation" and that the actions of the officers were "proper and lawful as a response to keep the peace." The trial court made conclusions of law that the City "is immune from liability" in this case, the City is "immune from liability for the actions of its peace officers" in this case, and Ackers "demonstrated no waiver" of the City's immunity.

Based on the scope of our review of a ruling on a plea to the jurisdiction, we conclude that the trial court's findings of fact are not supported by evidence or Ackers's pleading and relate to the merits of the case rather than to the trial court's authority to hear the case. The scope of our review of a ruling on a plea to the jurisdiction is limited to the claims in the plaintiff's pleadings, taking the facts pled therein as true, to determine whether those facts support the trial court's jurisdiction. Nueces County, 97 S.W.3d at 213. Evidence submitted that is necessary to resolve the issue of jurisdiction must also be considered. Bland Indep. Sch. Dist., 34 S.W.3d at 555. In the present case, no evidence

10

necessary to resolution of the jurisdictional issue was submitted. Thus, our review of the jurisdictional issue is limited to the allegations made in Ackers's live pleading. Nowhere does Ackers allege facts that would support the trial court's factual findings that the LPD officers were acting within the scope of their official duties during the investigation of the present matter. Further, Ackers makes no allegation that the reason that the officers became involved in this matter was because they received a "request to keep the peace." Consequently, we see no support in the record before us for either of the trial court's findings of fact. Further, we note that the trial court's findings go to the merits of Ackers's claims and are, therefore, immaterial to a ruling on a plea to the jurisdiction. Bland Indep. Sch. Dist., 34 S.W.3d at 554.

As to the trial court's conclusions of law, each is subject to *de novo* review by this court. Mayhew, 964 S.W.2d at 928. As addressed in regard to Ackers's first issue, Ackers may bring certain declaratory judgment actions against a governmental entity without express legislative consent or statutory waiver of immunity. Nueces County, 97 S.W.3d at 217-18. Because Ackers pled a claim for declaratory judgment that we construe as not requesting monetary damages, the City is not immune from the suit and the trial court's dismissal was in error.[3]

---

[3] We note that the trial court's conclusions of law specifically reference the City's immunity from liability. For a declaratory judgment action to avoid the bar of governmental immunity, it may not seek monetary damages. Tex. Natural Res. Conservation Comm'n, 74 S.W.3d at 855; Nueces County, 97 S.W.3d at 218. As a result, our analysis of Ackers's primary declaratory judgment claim establishes only that the City is not immune from suit and does not negate the court's conclusion that the City is immune from liability. However, Ackers's claim for adequate compensation for a governmental taking does implicate the court's conclusions.

Conclusion


For the foregoing reasons, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.



Mackey K. Hancock
Justice