COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-290-CV

 

 

CITY OF CROWLEY, TEXAS                                                  APPELLANT

 

                                                   V.

 

DOUG RAY                                                                           APPELLEE

 

                                              ------------

 

           FROM
THE 342ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant
City of Crowley, Texas, (the ACity@)
appeals the trial court=s order denying its plea to the
jurisdiction.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 51.014(a)(8) (Vernon
2008).  In a single issue, the City
argues that the trial court erred by denying its plea to the jurisdiction
because Appellee Doug Ray failed to establish a waiver of the City=s
governmental immunity by pleading an underlying controversy within the scope of
section 37.004 of the Uniform Declaratory Judgments Act (AUDJA@).  See id. ' 37.004(a)
(Vernon 2008).  We will affirm.

II.  Background

According
to Ray=s
original petition, in 2007, he began planning for the construction of ARay=s Place
Phase Two,@ a subdivision development
located in the City on land partially within a flood plain.  As part of the planning, Ray obtained the
City=s
criteria for flood plain development, which had been drafted by Teague Nall and
Perkins, Inc. (ATNP@) for
the City.  After construction began on
the development, Ray learned that the information and survey performed by TNP
for the City were Aincorrect and based upon the
wrong flood plain information.@[2]  The City denied Ray building permits even
though it had adopted the flood plain criteria as determined by TNP, and Ray
was forced to erect additional retaining walls and increase fills, suffered
delays in the completion of the project, and lost actual lots due to the
modification of the flood plain.








Ray sued
TNP and the City.  He alleged claims
against TNP for breach of contract, professional negligence, and breach of
implied warranty, and he sought a declaratory judgment against the City,
requesting that the trial court declare the following:

1.     That the Federal Emergency Management Agency Study of the City
of Crowley, which includes Fryear, A B Survey, A 535 Tr 4H,[] showing the Flood
Insurance Rate Map (FIRM) and Flood Insurance Study (FIS), control the location
of the 100 year flood plain.

 

2.     The Letter of Map Revision (LOMR) dated March 9, 1999, from the
Federal Emergency Management Agency along with the LOMR dated July 20, 1999,
were adopted by the City of Crowley.

 

3.     The LOMR of March 9, 1999, and LOMR of July 20, 1999, revised
the FIRM and FIS report, both dated August 2, 1995.

 

4.     The LOMR of March 9, 1999, and LOMR of July 20, 1999, revised
the FIRM and FIS report both dated August 2, 1995, to establish elevations and
floodplain and floodway boundary delineations of the flood having a 1-percent
chance of being equaled or exceeded in any given year (base flood) along the
North Fork of Deer Creek from the AT&SF to approximately 1,700 feet
upstream (100 year flood plain).

 

5.     The LOMR of March 9, 1999, and LOMR of July 20, 1999, along with
the FIRM and FIS report, both dated August 2, 1995, cover the property located
at lots 1-6 & 13-17, Block 1 Fryear, A B Survey, A 535 Tr 4H, as recorded
in the Tarrant County Deed Records.

 








6.     The LOMR of March 9, 1999, and LOMR of July 20, 1999, along with
the FIRM and FIS report, both dated August 2, 1995, would not affect
development of the property located at Fryear, A B Survey, A 535 Tr 4H, as
recorded in the Tarrant County Deed Records.

 

7.     The Ray=s Place II Addition
located at Fryear, A B Survey, A 535 Tr 4H, as originally designed, would not
be within the 100 year flood plain of the North Fork of Deer Creek.

 

8.     Defendant City of Crowley may not deny a permit to develop
property located at Fryear, A B Survey, A 535 Tr 4H, as recorded in the Tarrant
County Deed Records based upon encroaching on the 100 year flood plain.

 

9.     No changes have been made to the floodplain as adopted by the
city in accordance with the LOMR of 3/9/99 and LOMR of 7/20/99 and the FIRM and
FIS report dated 8/2/95.

 

The City
filed its plea to the jurisdiction, arguing that Ray failed to establish the
jurisdiction of the trial court over his declaratory judgment action because he
did not plead that a statute or ordinance is ambiguous or invalid as required
by civil practice and remedies code section 37.004.  The trial court denied the plea, and this
interlocutory appeal followed.

III.  Ray=s Motion to Dismiss

Ray
filed a motion to dismiss the City=s
interlocutory appeal.  He argues that
this court lacks jurisdiction over the City=s appeal
because the enumerations of civil practice and remedies code section 37.004 are
not jurisdictional.








It is well
established that the doctrine of governmental immunity protects governmental
entities from lawsuits for damages absent a waiver of immunity or legislative
consent to sue.  Tex. Dep=t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999); MBP Corp. v.
Bd. of Trustees of Galveston Wharves, 297 S.W.3d 483, 487 (Tex. App.CHouston
[14th Dist.] 2009, no pet.).  If a
governmental entity is entitled to immunity from the plaintiff=s suit,
the trial court lacks subject matter jurisdiction to consider the suit.  Jones, 8 S.W.3d at 638B39 (ASince as
early as 1847, the law in Texas has been that absent the state=s
consent to suit, a trial court lacks subject matter jurisdiction.@).  A defendant may challenge the trial court=s
subject matter jurisdiction by filing a plea to the jurisdiction.  Id. at 638.  Civil practice and remedies code section
51.014(a)(8) permits an interlocutory appeal from an order that denies a plea
to the jurisdiction by a governmental unit. 
Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8).








Here,
the City is a governmental entity; it is not a private individual or other
entity that is not generally entitled to governmental immunity.  See Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 694 n.3 (Tex. 2003). As a governmental entity, the
City enjoys immunity from Ray=s suit
unless its immunity has been waived.  See
Jones, 8 S.W.3d at 638; Wharves, 297 S.W.3d at 487.  In its plea to the jurisdiction, the City
relies on several cases for its contention that, as a governmental entity, it
is entitled to immunity from a request for relief for a declaratory judgment
except when the request for declaratory relief alleges that a statute or
ordinance is ambiguous or invalid.[3]  Because Ray did not plead that a statute or
ordinance is ambiguous or invalid, the City argues that its immunity from Ray=s suit
has not been waived and that the trial court therefore lacks subject matter
jurisdiction.[4]  Accordingly, the City raised an issue
implicating the trial court=s
jurisdiction over Ray=s declaratory judgment action,
and this court has jurisdiction to consider the City=s
interlocutory appeal of the trial court=s order
denying its plea to the jurisdiction. We overrule each of Ray=s
arguments, and we deny his motion to dismiss the City=s
appeal.

IV.  Standard of Review








A plea
to the jurisdiction is a dilatory plea, the purpose of which is to defeat a
cause of action without regard to whether the claims asserted have merit.  Bland ISD v. Blue, 34 S.W.3d 547, 554
(Tex. 2000).  Whether the trial court has
subject matter jurisdiction is a question of law that we review
de novo.  Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004); Tex. Natural Res. Conservation Comm=n v.
IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).

The
determination of whether a trial court has subject matter jurisdiction begins
with the pleadings.  Miranda, 133
S.W.3d at 226.  The plaintiff has the
burden to plead facts affirmatively showing that the trial court has
jurisdiction. Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  We construe the pleadings
liberally in favor of the pleader, look to the pleader=s
intent, and accept as true the factual allegations in the pleadings.  See Miranda, 133 S.W.3d at 226, 228; City
of Fort Worth v. Crockett, 142 S.W.3d 550, 552 (Tex. App.CFort
Worth 2004, pet. denied) (op. on reh=g).  If a plea to the jurisdiction challenges the
existence of jurisdictional facts, we consider relevant evidence submitted by
the parties when necessary to resolve the jurisdictional issues raised.  See Bland ISD, 34 S.W.3d at 555.

V.  Ray=s
Requested Declaratory Relief is Not Barred

by
Governmental Immunity

 








In its
only issue, the City argues that the trial court erred by denying its plea to
the jurisdiction.  It contends that the
UDJA Ahas been
construed to only waive immunity for declaratory judgment actions involving the
construction of legislative enactments of governmental entities@ and,
therefore, that Aa declaratory judgment should
not be rendered when there is no claim that a statute, ordinance or deed is
ambiguous or invalid.@ 
The City accordingly argues that Ray failed to establish a waiver of the
City=s
governmental immunity because none of his nine requests for declaratory relief
allege that a statute or ordinance is ambiguous or invalid.  The City also argues that Ray=s claim
for attorneys= fees, which arises under the
UDJA, should have been dismissed because he failed to invoke the jurisdiction
of the trial court over his declaratory judgment action.

Ray
essentially concedes that his requests for declaratory relief do not fit neatly
within the class of claims commonly cited by courts as not implicating
immunity, but he responds that the City=s
argument fails because it disregards the purpose and extent of the UDJA.

The
purpose of the UDJA is to establish existing Arights,
status, and other legal relations whether or not further relief is or could be
claimed.@  Tex. Civ. Prac. & Rem. Code Ann. ' 37.003(a)
(Vernon 2008).  The court issuing the
declaratory judgment must act Awithin
its jurisdiction@Cthe UDJA
is not a grant of jurisdiction; rather, it is a procedural device for deciding
cases already within








a court=s
jurisdiction.  Id.; Chenault v.
Phillips, 914 S.W.2d 140, 141 (Tex. 1996). 
Section 37.004(a) specifically provides as follows:

A person interested under a deed, will, written contract, or other
writings constituting a contract or whose rights, status, or other legal
relations are affected by a statute, municipal ordinance, contract, or
franchise may have determined any question of construction or validity arising
under the instrument, statute, ordinance, contract, or franchise and obtain a
declaration of rights, status, or other legal relations thereunder.

 

Tex. Civ. Prac. & Rem. Code
Ann. ' 37.004(a).








Sovereign
immunityCreferred
to as governmental immunity in the context of a suit against a political
subdivision, including a cityCbars
certain types of declaratory judgment actions against the State and its
political subdivisions; it does not bar all types of declaratory judgment
actions.  Specifically, sovereign
immunity bars a request for declaratory relief against a governmental entity
that constitutes no more than a suit to recover money damages, such as breach
of contract.  IT-Davy, 74 S.W.3d
at 853, 855B56 (ASovereign
immunity protects the State from lawsuits for money damages.@); Tex.
Parks & Wildlife Dep=t v.
Callaway, 971 S.W.2d 145, 152 (Tex. App.CAustin
1998, no pet.).  Also, Asuits
against state officials seeking to establish a contract=s
validity, to enforce performance under a contract, or to impose contractual
liabilities@ implicate the doctrine of
sovereign immunity because such suits Aattempt
to control state action by imposing liability on the State.@  IT-Davy, 74 S.W.3d at 855B56.  And ultra vires suits complaining of a
state official=s failure to comply with
statutory or constitutional provisions must be brought against governmental
actors in their official capacity, not against the governmental entities
themselves.  City of El Paso v.
Heinrich, 284 S.W.3d 366, 372B73 (Tex.
2009).








In
contrast to suits seeking to recover money damages and to impose liability on
the State, the UDJA allows persons to challenge ordinances or statutes, that
is, legislative pronouncements.[5]  Leeper, 893 S.W.2d at 446. Further, as
alluded to, private parties may seek declaratory relief against state officials
who allegedly act without legal or statutory authority or who fail to perform a
purely ministerial act.  Heinrich,
284 S.W.3d at 372B73 (A[S]uits
to require state officials to comply with statutory or constitutional
provisions are not prohibited by sovereign immunity, even if a declaration to
that effect compels the payment of money.@); IT-Davy,
74 S.W.3d at 855.  This is because suits
to compel state officers to act within their official capacity do not attempt
to subject the State to liability and, thus, are not suits against the
State.  IT-Davy, 74 S.W.3d at
855.  Immunity also does not shield the
State from an action for compensation under the takings clause or from a suit
for equitable relief for a violation of constitutional rights.  State v. Holland, 221 S.W.3d 639, 643
(Tex. 2007); Gen. Servs. Comm=n v.
Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 598 (Tex. 2001).

In this
case, Ray seeks damages for breach of contract, professional negligence, and
breach of implied warranty only from TNP; his original petition prays for Aactual
damages within the jurisdictional limits of the Court from TNP.@  [Emphasis added.]  Ray=s
requests for declaratory relief do not expressly seek money damages from the
City or to impose liability upon the City; the original petition prays for A[j]udgment
against [the City] as set out in paragraph IX,@ which
only requests declaratory relief and attorneys=
fees.  NorCas far
as we can determine from the face of the original petitionCdoes the
requested declaratory relief constitute a veiled attempt to hold the City
liable for some act or omission allegedly committed by the City in regard to,
among other things, its adoption of the alleged partially erroneous flood plain
criteria.  Accordingly, Ray=s
requests for declaratory relief do not fall within the class of claims seeking
declaratory relief for which the supreme court has determined that immunity is
implicated.








On the
other hand, Ray=s requests for declaratory
relief do not challenge a statute or ordinance, do not seek to compel a state
officer to act within his or her official capacity, and do not seek
compensation under the takings clause. 
Rather, the requests ask the trial court to make declarations about
various Adocuments,@
including several LOMRs and a AFederal
Emergency Management Agency Study of the City of Crowley.@  It is precisely because of thisCthat Ray=s
requested declaratory relief does not fall squarely within the enumerations set
out in section 37.004(a) (specifically, a challenge to a statute or ordinance)Cthat the
City argues it is immune from Ray=s suit
requesting declaratory relief in regard to certain Adocuments.@  We conclude, however, that this is not fatal
to Ray=s
action.








The UDJA
contains provisions other than section 37.004 that are relevant to the City=s issue.[6]  Section 37.002(b) requires that the UDJA be
liberally construed and administered to fulfill its purpose Ato
settle and to afford relief from uncertainty and insecurity with respect to
rights, status, and other legal relations.@  Tex. Civ. Prac. & Rem. Code Ann. ' 37.002(b)
(Vernon 2008).  The City argues that it
enjoys immunity from Ray=s suit because his requests for
declaratory relief do not Afall
within the scope of section 37.004,@ but
section 37.003(c) advises that A[t]he
enumerations in Sections 37.004 . . . do not limit or restrict the
exercise of the general powers conferred in this section in any proceeding in
which declaratory relief is sought and a judgment or decree will terminate the
controversy or remove an uncertainty.@  Id. ' 37.003(c);
see Supak v. Zboril, 56 S.W.3d 785, 792 (Tex. App.CHouston
[14th Dist.] 2001, no pet.) (AAs the
[UDJA] makes clear, section 37.004 is not intended to be an exclusive list of
those cases for which a court may grant declaratory relief.@); Jackson
v. City of McKinney, No. 05-00-00062-CV, 2001 WL 946811, at *3 n.5 (Tex.
App.CDallas
Aug. 22, 2001, no pet.) (ASection 37.004 is not
exhaustive.@).








In Ackers
v. Lubbock, the Amarillo Court of Appeals considered the interplay between
section 37.004(a) and section 37.003(c) in the context of addressing an issue
almost identical to the issue raised by the City in this case. 253 S.W.3d 770,
774B76 (Tex.
App.CAmarillo
2007, pet. denied).  In that case, Ackers
sued the City of Lubbock, requesting twenty-three declarations, including one
that the Lubbock Police Department=s policy
requiring that parental permission be obtained before photographs of minors may
be taken was unconstitutional.  Id.
at 774B75.  The trial court sustained Lubbock=s plea
to the jurisdiction on governmental immunity grounds, but the court of appeals
reversed, concluding that Lubbock=s
immunity had not been waived even though Ackers=s
request for declaratory relief did not fall squarely within the enumerations of
civil practice and remedies code section 37.004.  Id. at 775.  The court of
appeals reasoned in relevant part as follows:

While Ackers=s
challenge of the constitutionality of the City=s policy
is not specifically identified in section 37.004(a), we conclude that the
failure of the section to specifically list a city=s policy
as being capable of challenge by declaratory action does not mean that such an
action is barred by governmental immunity. . . .  We conclude that the primary declaration
sought by Ackers in the present case will remove uncertainty regarding rights
and will resolve the controversy regarding whether the City=s policy
is valid.

Id.








In this
case, Ray sued TNP because it allegedly reviewed and approved flood plain
criteria for the City that were incorrect, causing Ray to suffer damages in
connection with his development within the flood plain.  The basis of Ray=s suit
against TNP thus concerns the circumstances surrounding TNP=s
actions or omissions with regard to the flood plain criteria that it allegedly
reviewed and approved for the City.  Ray=s
requests for declaratory relief seek to establish the historical actions of the
City in administering flood plain regulations as to specific property within
the City=s
boundaries.  For example, Ray seeks a
declaration that the Federal Emergency Management Agency Study of the City of
Crowley controls the location of the 100-year flood plain; that the City
adopted the March and July 1999 LOMRs; that the March and July 1999 LOMRs
revised the Flood Insurance Rate Map and Flood Insurance Study, both dated
August 1995; and that the March and July 1999 LOMRs cover property located at a
particular location, as recorded in the Tarrant County Deed Records.

Like the
court in Ackers, we conclude that the absence of a reference in section
37.004(a)=s enumerations to the Adocuments@ for
which Ray seeks a declaration does not cause his action to be barred by
governmental immunity becauseCconsidering
the basis of Ray=s claims against TNP and the
substance of the declaratory relief he seeks from the CityChis
requests for declaratory relief will, at the very least, remove several
uncertainties regarding the flood plain criteria documents that are central to
Ray=s suit
against TNP.  See Tex. Civ. Prac.
& Rem. Code Ann. '' 37.002(b), 37.003(c); Ackers,
253 S.W.3d at 775.  Concluding to the
contrary would effectively render meaningless several relevant UDJA provisions
and ignore the supreme court=s
directive that A[t]he rule requiring a waiver of
governmental immunity to be clear and unambiguous cannot be applied so rigidly
that the almost certain intent of the Legislature is disregarded.@  See City of LaPorte v. Barfield, 898
S.W.2d 288, 292 (Tex. 1995).













The City
argues that in Mount Calvary Missionary Baptist Church v. Morse Street
Baptist Church, this court adopted Athe rule
announced by Boatman@ that A[a]
declaratory judgment should not be rendered when there is no claim that a
statute or a deed is ambiguous or invalid.@  No. 02-04-00147-CV, 2005 WL 1654752, at *9
(Tex. App.CFort Worth July 14, 2005, no
pet.) (mem. op. on reh=g).  The citation in Mount Calvary to the Arule
announced by Boatman@ does
not foreclose the conclusion that we reach in this case.  The Arule@ that A[a]
declaratory judgment should not be rendered when there is no claim that a
statute or a deed is ambiguous or invalid@ is
essentially shorthand for expressing section 37.004(a), which identifies the
subject matter of relief under the UDJA. 
See Tex. Civ. Prac. & Rem. Code Ann. ' 37.004(a).  As we explained above, the UDJA contains
provisions other than section 37.004 that are relevant to the issue raised by
the City in this appealCsections 37.003(c) and
37.002(b).  Unlike in this case, the
issue in Mount Calvary did not include or require an examination of the
plaintiff=s request for declaratory relief
in light of sections 37.003(c) and 37.002(b).[7]  Id. at *8B9.  Our reasoning in this case is thus not
inconsistent with the issue in Mount Calvary addressing attorneys= fees
under the UDJA.

Accordingly,
considering that Ray=s requests for declaratory
relief do not seek to impose any liability upon the City, do not request any
money damages from the City, and will remove several uncertainties regarding
the flood plain criteria documents that are central to his suit against TNP, we
conclude and hold that Ray pleaded an underlying controversy within the scope
of the UDJA and established a waiver of the City=s
governmental immunity.  We overrule this
part of the City=s only issue.

In the
other part of its only issue, the City argues that Ray=s claim
for attorneys= fees under the UDJA fails and
should have been dismissed by the trial court for want of jurisdiction because
he failed to invoke the trial court=s
jurisdiction under the UDJA.  Having
overruled the City=s argument that Ray failed to
invoke the trial court=s subject matter jurisdiction,
we overrule its argument that Ray=s claim
for attorneys= fees also should have been
dismissed for lack of jurisdiction and leave the decision to the trial court
regarding the awarding of attorneys= fees as
are Aequitable
and just.@ 
See Tex. Civ. Prac. & Rem. Code Ann. ' 37.009
(Vernon 2008).








VI.  Conclusion

Having
overruled the City=s only issue, we affirm the
trial court=s order denying the City=s plea
to the jurisdiction.

 

 

BILL MEIER

JUSTICE

 

PANEL:  WALKER, MCCOY, and
MEIER, JJ.

 

DELIVERED:  March 18, 2010











[1]See Tex. R. App. P. 47.4.





[2]According to the
affidavit of Ron Morrison, which Ray attached to the original petition, a
Letter of Map Revision (ALOMR@) dated July 20, 1999Cwhich had been reviewed
by TNP and approved by the CityCcontained an erroneous hydrology model.





[3]See Tex. Educ. Agency v.
Leeper,
893 S.W.2d 432, 446 (Tex. 1994) (reasoning that governmental immunity is waived
in declaratory judgment actions to construe legislative enactments of governmental
entities); Boatman v. Lites, 970 S.W.2d 41, 43 (Tex. App.CTyler 1998, no pet.)
(stating that a declaratory judgment should not be rendered when there is no
claim that a statute or a deed is ambiguous or invalid).





[4]As the City characterizes
its plea, A[t]he issue
. . . is whether [Ray] has plead [sic] an underlying controversy
within the scope of section 37.004 of the UDJA.@





[5]Indeed, governmental
entities must be joined in suits to construe their ordinances or statutes.  Leeper, 893 S.W.2d at 446.





[6]Our primary objective
when construing a statute is to ascertain and give effect to the legislature=s intent, and we must
read the statute as a whole and not just isolated portions.  Tex. Dep=t of Transp. v. City of
Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004).





[7]Mount Calvary involved an appeal from a
summary judgment granted in favor of Morse on the basis of adverse
possession.  Id. at *1, *5B8.  The discussion concerning the UDJA occurred
in the context of addressing Mount Calvary=s issue that the trial court had erred by
awarding attorneys= fees to Morse under the
UDJA.  Id. at *8.  This court concluded that the trial court had
erred by awarding Morse attorneys= fees under the UDJA because Morse, whose claim
only concerned Atitle under the ten-year
adverse possession rule,@ had not pleaded a claim
within the scope of section 37.004(a) but essentially used the UDJA merely as a
vehicle to obtain attorneys= fees, which is not permitted.  Id. at *5, *8B9.