NO. 07-11-00059-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 11, 2012

AMARILLO 'DILLAS BASEBALL CLUB, LLC, APPELLANT

v.

POTTER COUNTY, TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 99,078-A; HONORABLE DAN L. SCHAAP, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Amarillo 'Dillas Baseball Club, LLC (Dillas), appeals the trial court's granting of a plea to the jurisdiction filed by appellee, Potter County (County), based upon the County's assertion of governmental immunity. We will affirm.

Factual and Procedural Background

The underlying basis of this dispute is a lease of a baseball stadium in Amarillo, Potter County, Texas. The Dillas filed suit on November 5, 2010, requesting declaratory relief and injunctive relief. The request for declaratory relief asks that the trial court

declare that, (1) the lease remains in effect unless the Dillas fail to pay the accrued rental after the County strictly complies with a paragraph of the lease; and (2) the purported termination of the lease by the County is not in compliance with the terms of the lease and is, therefore, void. In its request for injunctive relief, the Dillas request an injunction enjoining the County from forfeiting or terminating the lease without permitting the Dillas an opportunity to cure any breach and, for 180 days thereafter, enjoining the County from entering into a lease with any other person or entity, and not entering into a lease or purchase of the stadium for a specified period of time set forth in the pleading. Further, the Dillas original petition requested damages in an amount in excess of the minimum jurisdictional levels of the court.[1]

On November 8, 2010, the County filed a plea to the jurisdiction in open court that requested that the Dillas' suit be dismissed.[2] As a basis for this action, the County asserted that it was a political subdivision of the State of Texas and, as such, entitled to governmental immunity. The trial court orally granted the plea to the jurisdiction on November 8, 2010, however, no written judgment appears in the record before us.

Following the trial court's oral granting of the County's plea to the jurisdiction,[3] the Dillas filed a motion for new trial and for leave to file another amended petition. The

---

[1] In this appeal, the Dillas are not advancing any claim for monetary damages against the County.

[2] The clerk's record indicates that the plea to the jurisdiction was filed on November 9, 2010, however, all parties agree that the same was originally filed in open court on November 8, 2010.

[3] The order granting the plea to the jurisdiction does not appear in the clerk's record furnished in connection with this appeal.

County subsequently filed an answer to the motion for new trial. The trial court held a hearing on the motion for new trial on December 23, 2010, and subsequently advised the parties on January 19, 2011, that the motion for new trial was being overruled and entered an order overruling the same. This appeal followed.

Through a single issue, the Dillas contend that the trial court's order granting the plea to the jurisdiction was reversible error. According to the Dillas, this is because section 89.004(c) of the Texas Local Government Code waives governmental immunity. TEX. LOC. GOV'T CODE ANN. § 89.004(c) (West 2008). [4] Disagreeing with the Dillas, we affirm the judgment of the trial court.

Standard of Review

A plea to the jurisdiction is a dilatory plea that challenges the trial court's jurisdiction to hear the subject matter of the plea. Timmons v. Univ. Med. Ctr., 331 S.W.3d 840, 843 (Tex.App.—Amarillo 2011, no pet.) (citing Harris Cnty. v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004)). Subject matter jurisdiction is essential for a trial court to decide a case. Ackers v. City of Lubbock, 253 S.W.3d 770, 773 (Tex.App.—Amarillo 2007, pet. denied). The question of whether or not a court has subject matter jurisdiction is a question of law that we review *de novo*. City of Elsa v. Gonzalez, 325 S.W.3d 622, 625 (Tex. 2010). We will review the pleadings of the party asserting jurisdiction in the light most favorable to the trial court having jurisdiction. See Leach v. Tex. Tech Univ., 335 S.W.3d 386, 391 (Tex.App.—Amarillo 2011, pet. denied).

---

[4] Further reference to the Texas Local Government Code will be by reference to "section ___," "Section ____," or "§ ____."

3

Applicable Law

Both parties recognize that Potter County is a political subdivision of the State of Texas. Political subdivisions within the State of Texas enjoy governmental immunity, which protects them from lawsuits for damages. Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp., 283 S.W.3d 838, 842 (Tex. 2009). Governmental immunity involves two issues: whether the State has consented to suit, and whether the State has accepted liability. Id. Immunity from suit is jurisdictional and bars suit. Id. A statute shall not be construed to waive immunity unless the waiver is effected by clear and unambiguous language. TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2012).

Analysis

The Dillas contend that section 89.004(c) contains the clear and unambiguous language that will lead to the conclusion that the legislature intended to waive immunity in the situation before the Court. The language keyed in on by the Dillas is contained in the first sentence of subsection (c) and is as follows, "A person may file suit for injunctive relief against a county." § 89.004(c). According to the Dillas, this sentence clearly establishes permission to file suit. The Dillas' analysis begins with an investigation of the use of the word "may" which, under the Dillas' analysis, must be interpreted to mean permission pursuant to the Code Construction Act. See TEX. GOV'T CODE § 311.016(1) (West 2005). Accordingly, the portion of the statute at issue must be read as "A person [is permitted to] file suit for injunctive relief against a county." This, then, satisfies the requirement for legislative permission under the Dillas' first theory.

4

However, this analysis overlooks some very important keys to statutory construction. First, "our objective is to determine and give effect to the [l]egislature's intent." Harris Cnty. Hosp. Dist., 283 S.W.3d at 842. We look to the plain meaning of the statute's words while reviewing the statute as a whole and not just selected portions. Id.

The entirety of the statute at issue is as follows:

§ 89.004. Presentation of Claim

(a)     Except as provided by Subsection (c), a person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity as an appointed or elected official unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the day of the presentation of the claim.

(b)     If the plaintiff in a suit against a county does not recover more than the commissioners court offered to pay on presentation of the claim, the plaintiff shall pay the costs of the suit.

(c)     A person may file a suit for injunctive relief against a county. After the court's ruling on the application for temporary injunctive relief, any portion of the suit that seeks monetary damages shall be abated until the claim is presented to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim by the 60th day after the date of the presentation of the claim.

The Texas Supreme Court has determined that section 89.004(a) is not a clear and unambiguous waiver of immunity from suit. Travis Cnty. v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 249 (Tex. 2002). Rather, it is a condition precedent to suit. Id. The presentment requirement is present to notify the commissioners court of a claim, and to afford it an opportunity to investigate and settle the claim. Id. (citing Essenburg v.

5

<u>Dallas Cnty.</u>, 988 S.W.2d 188, 189 (Tex. 1998) (explaining that the previously numbered statute was a condition precedent to suit to allow the commissioners an opportunity to investigate the purported claim)).

If subsection (a) is a condition precedent, then what is the meaning of the language "Except as provided in subsection (c)?"  From the plain words of the statute, a request for injunctive relief is relieved of the condition precedent of presentment.  This being so, is this a waiver of immunity by clear and unambiguous language?  <u>See</u> TEX. GOV'T CODE ANN. § 311.034.

First, when read in the context of the entire statute and using the plain meaning of the words, we find a presentment statute that contains an exception.  <u>See</u> <u>Harris Cnty. Hosp. Dist.</u>, 283 S.W.3d at 842.  The exception is for the filing for injunctive relief.  Later, in the same subsection (c), the statute provides for the abatement of any portion of the suit for monetary damages until such time as these matters are presented to the commissioners court.  § 89.004(c).  This last part of the statute clearly implicates the presentment condition precedent contained in subparagraph (a).  Since we assume that the legislature understands the meaning of the words they have chosen and the effect of those words, subsection (c) can be understood only to except requests for injunctive relief from the presentment requirement of the entire statute.  <u>See</u> <u>Tex. Mut. Ins. Co. v. Ruttinger</u>, 55 Tex. Sup. Ct. J. 912, 2012 Tex. LEXIS 501, at *59 (Tex. Jun. 22, 2012).

Next, when we view the words that the Dillas point us to in order to show that governmental immunity has been waived ("A person may file a suit for injunctive relief against a county . . . ."), we do not see language that we can view as express legislative

6

permission to file suit.  In fact, it is only if we ignore the requirement that we view the statute as a whole that we could tend to lean toward the Dillas' position.  However, we cannot interpret the statute in this manner.  See Harris County Hosp. Dist., 283 S.W.3d at 842.  Therefore, we decline to construe the language that the Dillas direct us to as "language permitting suit."

Next, the Dillas invite the Court to review the legislative history in order to determine whether the legislature intended to waive immunity.  Such an invitation, we must decline.  Initially, we note that no one contends that the language of the statute is ambiguous or written in a manner that leaves its meaning unclear.  We think that the better practice is to derive the intent of the legislature from the language it actually used in the statute.  See  Tex. Mut. Ins. Co., 2012 Tex. LEXIS 501, at *64.  Whereas the Code Construction Act uses the permissive term "may" when describing what aids the courts may turn to when construing a statute, we think the better practice is to rely on the actual language used by the legislature, unless the statute at issue is ambiguous.  See TEX. GOV'T CODE ANN. § 311.023 (West 2005); Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson, 209 S.W.3d 644, 652 (Tex. 2006).

In the final analysis, the language of the statute is clear to this Court.  From that language, we do not conclude that the legislature has made a clear and unambiguous waiver of immunity.  Accordingly, we overrule the Dillas' issue on appeal.

## Conclusion

Having overruled the Dillas' issue on appeal, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice