

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00005-CV

**CEELLU WILLIAMS,**

                                                    **Appellant**

 **v.**

**TEXAS TECH UNIVERSITY HEALTH
SCIENCES CENTER,**

                                                    **Appellee**

**From the 72nd District Court
Lubbock County, Texas
Trial Court No. 2013-509,298**

## MEMORANDUM OPINION

Ceellu Williams was a student in the Doctor of Physical Therapy program at Texas Tech University Health Sciences Center. She failed a clinical internship course one summer and successfully repeated it the next summer. She then failed another clinical internship course. TTUHSC dismissed Williams from the program, without allowing Williams to repeat the second failed course, based on a policy which provided

in part, "a student may repeat a Clinical Internship course only once during his or her enrollment in the DPT Program."

Williams filed suit against TTUHSC requesting a declaration by the court interpreting the policy to her benefit and an order permitting her re-enrollment in the physical therapy program. TTUHSC filed a plea to the jurisdiction alleging immunity. The plea was granted.

In two issues on appeal, Williams contends the trial court erred in dismissing her lawsuit and in failing to give her an opportunity to amend her pleadings. Because the trial court did not err in granting the plea to the jurisdiction without giving Williams an opportunity to amend her pleadings, we affirm the trial court's judgment.

Sovereign immunity protects the State and its various divisions, such as agencies and boards, from suit and liability, and governmental immunity provides similar protection to the political subdivisions of the State, such as counties, cities, and school districts. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). No one disputes that TTUHSC is afforded the protections of sovereign or governmental immunity. When dealing with these immunities, the Legislature has been required to express its intent to waive immunity clearly and unambiguously. *Id*. (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994) and TEX. GOV'T CODE ANN. § 311.034 (West 2013) (codifying the clear and unambiguous standard)).

An order which grants or denies a plea to the jurisdiction is reviewed de novo. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). When such a plea challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.*

Initially, Williams pled that the policy of the Doctor of Physical Therapy program at TTUHSC fell within the scope of section 37.004 of the Texas Civil Practice and Remedies Code (the Uniform Declaratory Judgments Act) because the policy was a part of a contract Williams had with Texas Tech and was a writing that affected Williams' rights, status, and legal relationship with Texas Tech. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008). Williams also pled a breach of contract claim and requested damages and attorney's fees. In response, TTUHSC filed its plea to the jurisdiction, alleging immunity had not been waived for the declaratory judgment claim because it was an attempt to control a state action or for the breach of contract and damages claim. Williams amended her petition to delete her breach of contract and damages claim. She still, however, alleged that the policy was a contract between the parties. Three months later, Williams again amended her petition, this time alleging that the policy fell under the scope of section 37.003(c) of the UDJA and is a writing that

affects her rights, status, and legal relationship with Texas Tech. *See id*. § 37.003(c) ("The enumerations in Sections 37.004 and 37.005 do not limit or restrict the exercise of the general powers conferred in this section in any proceeding in which declaratory relief is sought and a judgment or decree will terminate the controversy or remove an uncertainty."). Williams also sought an injunction to require TTUHSC to follow the policy language as interpreted by the court and to credit her for tuition and fees paid for the semester she was dismissed.

The UDJA generally permits a person who is interested in a deed, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise to obtain a declaration of rights, status, or other legal relations thereunder. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008); *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). And while the UDJA waives immunity for certain claims, such as challenges to the validity of a municipal ordinance or statute, it is not a general waiver of immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (West 2008); *Sawyer Trust*, 354 S.W.3d at 388; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). In other words, there is no general right to sue a state agency for a declaration of rights. *Sawyer Trust*, 354 S.W.3d at 388. Thus, immunity will bar even an otherwise proper UDJA suit that has the effect of establishing a right to relief against the State or its political subdivisions for which the Legislature has not waived immunity. *Id*.

Williams argues that academic policies are the proper subject of court review. In support of this argument, she cites to the Amarillo Court of Appeals' opinion in *Ackers v. City of Lubbock*, 253 S.W.3d 770 (Tex. App.—Amarillo 2007, pet. denied). Without deciding the propriety of the court's opinion in *Ackers*, it is distinguishable from the situation in this appeal.[1] In *Ackers*, the appellant/plaintiff challenged the constitutionality of a policy of the City of Lubbock.[2] Here, Williams does not challenge the constitutionality of TTUHSC's graduate program policy. Accordingly, *Ackers* does not apply to Williams' claim.

Initially, we note that section 37.003(c) of the UDJA does not relate to the subject matter of relief covered by the Act. Rather, it pertains to the scope of a court's general powers conferred by that particular section of the Act. Nevertheless, while an underlying claim such as Williams' may be proper under the UDJA against a private party, it is not proper as to a state agency such as TTUHSC. The Texas Supreme Court has only found a waiver of immunity under the UDJA where a claim challenges the validity of a municipal ordinance or statute; that is because the Act requires the joinder of the entity if the ordinance or statute is challenged. *See Heinrich*, 284 S.W.3d at 373 n.6. ("For claims challenging the validity of ordinances or statutes, however, the Declaratory

---

[1] This case was transferred to the Tenth Court of Appeals in Waco, Texas. We must, however, apply the law of the Court from which the appeal was transferred. TEX. R. APP. P. 41.3. Thus, if *Ackers* is controlling precedent on the Seventh court of Appeals in Amarillo, Texas, it is binding on this Court.

[2] Williams also cites to the United States Supreme Court opinion in *Fisher v. Univ. of Tex*., ___ U.S. ___, 133 S. Ct. 2411, 186 L. Ed. 2d 474 (2013). Like *Ackers*, this opinion is distinguishable because the plaintiff challenged the constitutionality of the University of Texas' admissions process.

Judgment Act requires that the relevant governmental entities be made parties, and thereby waives immunity."). In this case, Williams has not challenged the validity of a municipal ordinance or statute. She has only challenged TTUHSC's interpretation of one of its policies. Thus, immunity is not waived under the UDJA as to Williams' claim.

Because there is no waiver of immunity for Williams' claim regarding TTUHSC's policy interpretation, TTUHSC is immune from suit. Further, Williams' pleading defects cannot be cured. Simply pleading more facts in support of her claim will not overcome TTUHSC's immunity from suit. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). The entirety of her complaint involves the resolution of the interpretation of the school policy. Accordingly, the trial court did not err in granting TTUHSC's plea to the jurisdiction without giving Williams an opportunity to amend her pleadings. Williams' issues on appeal are overruled.

The trial court's judgment is affirmed.


                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed May 21, 2015
[CV06]

